### FRANK SUTTON V. THE STATE.

*No. 533. Decided November 23.*

1. **Jury — Bill of Exceptions — Objectionable Juror.**—On a trial for assault with intent to murder. where defendant objected to four of the jurors because they had been present and heard read the report of the grand jury, which indulged in severe strictures with regard to the laxity of juries in the enforcement of the criminal laws, which objection being overruled, he exercised his peremptory challenges upon said four jurors, and after exhausting all his peremptory challenges he objected to the empanelling of the four next jurors, because he had exhausted the four peremptory challenges as aforesaid; but his bill of exceptions states no ∴ cause" of objection to these jurors. *Held*, the bill of exceptions shows no sufficient objection, and that it is idle simply to state that a juror is " objectionable," without showing some " cause."

2. **Charge of Court—Self-Defense—Actual and Apparent Danger.** Where the charge of the court on self-defense submits the issues of both actual and apparent danger, when the testimony only shows the issue of actual danger, *held*, that the same is favorable to the defendant, and that he can not be heard to complain.

3. **Motion for New Trial—Disqualification of Juror.**—Where it appears, on motion for new trial, that one of the jurors who sat upon the case had not been a resident of the State twelve months prior to the trial, and which fact· was not known to defendant or his counsel until after the trial, *held*, that such fact alone was not ground for the granting of a new trial.

APPEAL from the District Court of Fort Bend. Tried below before Hon. W. H. BURKHART.

This appeal is from a judgment of conviction for assault with intent to murder, the punishment being assessed at two years in the penitentiary.

A statement of the evidence produced on the trial is rendered unnecessary either to elucidate or illustrate any of the points noticed in the opinion of the court.

*T. E. Mitchell*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON JUDGE.—Appellant was convicted of an assault with intent to murder, and his punishment assessed at confinement in the penitentiary for two years.

Shortly prior to calling the cause for trial, the grand jurors came before the court, and made a final report for the term, in which they sharply criticised and in a caustic manner indulged in some observations in relation to criminal trials in Fort Bend County, and intimated, among other things, that juries had been very remiss in the discharge of duty in enforcing the law in criminal prosecutions. After the reading of said report was finished, this cause was called for trial, and the jury ordered to take their appropriate places. Four of said jurors were present, and

heard the reading of said report.    The bill of exceptions recites that de-
fendant objected to said four jurors, because they had heard said reading
of said report, and because they were probably influenced and prejudiced
thereby against defendant.    It is not stated that they were questioned in
reference to this matter.    The objections stated were overruled by the
court, and the defendant promptly challenged all four of them.    During
the further progress of empanelling the jury, he exhausted his peremp-
tory challenges.    After the defendant had so exhausted his peremptory
challenges, four jurors "were empanelled over his objection, the sole
reason urged being that he had exhausted all his peremptory challenges."

1. The bill states no ground of objection to any of said jurors.    It is
not sufficient to simply state in a bill of exceptions that the jurors were ob-
jectionable.    It must go further, and state some "cause" as the ground
for challenge, which would likely affect his or their competency or im-
partiality in the trial of the case.    "Without some such showing, it is
idle simply to say that a juror is objectionable."    Hudson v. The State,
28 Texas Ct. App., 323; Nalley v. The State, 28 Texas Ct. App., 387;
Rippey v. The State, 29 Texas Ct. App., 37; Blackwell v. The State, 29
Texas Ct. App., 195.

2. The charge on self-defense is sufficient, and more favorable to de-
fendant than demanded by the testimony, in that it submits both phases
of danger, actual and apparent, while the testimony only raises the issue
of actual danger.    If defendant was endangered during the difficulty, it
arose from the fact that he was fired upon by the alleged assaulted party
three times with a pistol.

3. It is made to appear, in the motion for a new trial, that one of the
jurors who tried the case was not a qualified juror, by reason of the fact
that he had not resided in the State twelve months prior to said trial.    It
is also shown that defendant was not aware of such disqualification until
subsequent to the trial.    This question has been before this court several
times, and the decisions sustain the ruling of the trial court refusing the
new trial upon this ground.    Leeper v. The State, 29 Texas Ct. App.,
63; O'Mealy v. The State, 1 Texas Ct. App., 180.

Appellant is not borne out in his contention that the venue was not
proved.    Fennel testifies positively to this fact.    The facts support the
conviction.    There were two theories presented—assault with intent to
murder, by the State, and self-defense, by the defendant.    The jury very
properly, under the facts before us, decided adversely to the defendant.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.