## JAMES KENEDY v. H. SCHULTZ.

### No. 226.

1. **Physician — Contract for Services Void without Certificate from Board of Examiners.**—A physician can not recover for services rendered as such without procuring a cetrificate permitting him to practice medicine from the board of medical examiners, and having the same recorded. The petition should allege these facts or show the exception.

2. **Statutes Constitutional.**—Articles 3625 to 3638, Revised Statutes, prescribing the qualifications of practitioners of medicine, are constitutional.

3. **Judicial Notice.**—The court can not take judicial cognizance of whether the "American Medical Association" is composed entirely of adherents to the allopathic school of medicine.

APPEAL from Bexar.    Tried below before Hon. W. W. KING.

*S. M. Ellis,* for appellant.

*Leo Tarleton* and *Geo. C. Altgelt*, for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant on January 4, 1892, to recover of appellee the sum of $1200 for services rendered as a physician. It was alleged in the amended petition, that the plaintiff was a physician in Bexar County from May 1, 1890, to time of filing amendment, a graduate holding a diploma from a reputable American medical college, recognized as such by the American Medical Association; that he had never resided in any county in Texas but Bexar, and never practiced his profession in any other county in Texas; that there had not since May 1, 1890, been a duly appointed and qualified board of examiners in Bexar County, and if such board or boards were ever appointed by either of the District Courts, that none of the members had ever qualified, and for that reason it had been impossible for plaintiff to obtain a certificate as required by law, and to have the same registered. The amended petition was specially excepted to, because it appeared from the face of it that the services rendered by appellant were in violation of the civil and criminal statutes of Texas, because appellant had not caused to be recorded the certificate permitting him to practice medicine or surgery. The exception was sustained, and appellant having refused to amend, judgment was rendered for appellee.

The only question to be determined is, was the demurrer properly sustained? The reasons, as presented by the three assignments of error copied into the brief of appellant, are, first, that the title 73, article 3625 to article 3638 inclusive, are unconstitutional, because they do not impose the same obligations or burdens equally and uniformly upon the same class of citizens, because the same are in conflict with that article in the State Constitution which declares, "The Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and to punish persons for malpractice, but no preference shall ever be given by law to any school of medicine;" second, that the court erred in holding that the services rendered by appellant were in violation of the civil and criminal laws of Texas; and third, that the court erred in sustaining the demurrer, because the petition showed that there was no medical board in the judicial district in which appellant resided.

There can be no question of the constitutionality of the statute. On the question involving the construction of laws similar to the law that exempts from its operation those who were engaged in the general practice of medicine for five years prior to January, 1875, there have been numerous decisions, all holding to their constitutionality. Medical Assn. v. Schrader, 55 N. W. Rep., 24; Gee Wo v. The State, 54 N. W. Rep., 513; The State v. Carey, 30 Pac. Rep., 729; The State v. Randolph, 31 Pac. Rep., 201; The State v. Van Doran, 14 S. E. Rep., 32; Logan v. The State, 5 Texas Cr. App., 306.

We can see no conflict between the statute and the Constitution. The conflict set up is, that the statute provides that the board of examiners must be graduates of some medical college, recognized by the "American Medical Association," and that this association is composed entirely of adherents to the allopathic school of medicine. This court can not possibly know that to be a fact, and of course can not go out into the field of speculation in connection with that subject.

Coming to the main question, we are of the opinion that the petition did not show appellant to be in a position to recover for his services as a physician. The laws of Texas make it a grave misdemeanor to practice medicine without obtaining a certificate of professional qualification from some authorized board of medical examiners, or without having a diploma from some accredited medical college, chartered by the Legislature of the State, or its authority, in which the same is situated; and even after the certificate or diploma is obtained, it is a penal offense not to have filed the certificate or diploma for record with the clerk of the District Court of the county in which the physician resides. The civil statute, article 3632, provides, that every applicant to practice medicine in Texas, whether he has a medical diploma or not, must be examined by the board of examiners, and in the exceptions none are mentioned but those qualified to practice medicine under the Act of May 16, 1873, those who had been regularly engaged in the general practice of medicine in Texas for five years prior to January 1, 1875, and females who follow the practice of midwifery strictly as such. Rev. Stats., art. 3637.

While a physician must violate the civil statute to practice medicine, even when he has a diploma, without first obtaining a certificate from a board of medical examiners, yet under the criminal statute it would seem that a diploma from a chartered accredited medical college will exempt from punishment under article 396, but under article 398 it is a violation of the law to fail to record either.

The petition alleges that appellant had a diploma from "a reputable American medical college," but there is no allegation that it had ever been recorded as required by law.

The laws, both civil and criminal, were passed for the protection of the public against charlatans and quacks who might engage in the profession of the practice of medicine. It is a responsible and honorable profession, whose members are brought into the closest contact with every family in the land, and to whom necessarily the most sacred matters of life and death must be confided. Society has a right to demand the closest scrutiny of the credentials of those in whose hands the health and lives of its members must sooner or later be placed. In answer to this demand the laws of this State were passed. It not only protects society, but the profession, from the odium that would attach by reason of unworthy and

incompetent members. To practice medicine without having obtained the certificate and without having it duly recorded, is in violation of the civil statute, and this failure can not be excused on the ground that no board of medical examiners had been appointed. A violation of law can not be excused on the ground that some one else has violated it; and if there was no medical board in Bexar County as required by law, appellant should have applied to some other board for examination, or at least have had his diploma recorded, in order that others might see it, and ascertain whether it was from some "reputable American college." The petition in alleging the possesion of a diploma was defective under the criminal statute, in not stating that it was issued by a chartered accredited college.

The question before us has not, we believe, been ever directly decided in this State, but it has been before the Supreme Courts of a number of the States, and they uniformly hold that a physician practicing medicine in violation of law can not recover for fees for his services. In New York it is held that any person who practices as a physician without obtaining and filing the certificate mentioned in the statute can not recover compensation for his services, although the statute does not expressly forbid the recovery of compensation. Fox v. Dixon, 12 N. Y., 267. The ground of this decision was that it was a violation of a penal statute to practice without the certificate.

In Tennessee it is held, that a physician practicing without getting the certificate required by statute can not recover upon an account for medical services rendered, and the ground of this decision is thus stated: "When a statute has for its manifest purpose the promotion of some object of public policy, and prohibits the carrying out of a profession, occupation, trade, or business except in compliance with the statute, a contract made in violation of such statute can not be enforced. Haworth v. Montgomery, 18 S. W. Rep., 399.

In California it is said, that the statute making it a misdemeanor to practice medicine without a certificate from a medical board, remuneration for services rendered while the physician had no such certificate can not be recovered. Gardner v. Tatum, 22 Pac. Rep., 880; Roberts v. Levy, 31 Pac. Rep., 570.

In Kansas it is held, that a physician practicing medicine without complying with the law can not recover pay for services rendered, the decision being based on the ground that it would be contrary to public policy to permit the recovery. Underwood v. Scott, 23 Pac. Rep., 942. The Kansas statute, as does ours, provides that no person, save the exceptions, shall be permitted to practice medicine in any of its branches or departments without having first obtained and recorded a certificate of qualification from some authorized board of medical examiners.

In North Carolina it is held, that a contract under which a physician,

not having a license as required by law, rendered services was void, and he could not recover pay for the same. This decision was under a law that provides, that " No person shall practice medicine or surgery, nor any of the branches thereof, nor in any case prescribe for the cure of diseases, for fee or reward, unless he shall have been first licensed so to do in the manner herein after provided; provided, that no person who shall practice in violation of this chapter shall be guilty of a misdemeanor." In rendering the opinion, the court said: " The performance of such services for fee or reward was absolutely prohibited by the statute, and the contract was therefore void in its inception. It is immaterial whether the act was malum in se or merely malum prohibitum. Ruffin, Chief Justice, in Sharp v. Farmer, 4 Devlin & Battle, 122, said, that the distinction between these ' was never sound, and is entirely disregarded; for the law would be false to itself if it allowed a party through its tribunals to derive advantage from a contract made against the intent and express provisions of the law.' " Puckett v. Alexander, 8 S. E. Rep., 767. This case emphasizes the principle that the mere fact that an act is not punishable under the penal code, but is in violation of a civil statute, would render the contract void.

We are of the opinion that the petition shows on its face that appellant was practicing medicine without having complied with the terms of the law as embodied in title 73, articles 3625 to 3638 inclusive, and that it would be contrary to public policy to enforce his contracts in the courts of the country. The law was passed for the public good, both in protecting it from acts of empiricism, and at the same time shielding a noble profession from unworthy and unskillful members. Courts can not countenance violations of the law by enforcing contracts made in defiance of it.

We see no error in the judgment of the District Court, and it is affirmed.

*Affirmed.*

Delivered February 28, 1894.