C. T. JESSE v. THE STATE.

No. 2660.    Decided May 11, 1904.

**Expert's Testimony—Opinion of Witness.**

Expert testimony is not permitted to go to the extent of deciding issues of fact upon which the jury must pass, and the opinion of a physician as to the ability of defendant to do manual labor predicated upon the latter's testimony, without an examination of defendant by the physician was inadmissible, as was the statement of the physician that he had patients who were affected in a similar manner as that described by appellant who could do hard work.

Appeal from the County Court of Coleman.    Tried below before Hon. B. T. Rose.

Appeal from a conviction of willfully failing and refusing to work a public road; penalty, a fine of $1.

The opinion states the case.

*Woodward, Baker & Woodward,* for appellant.—On question of expert testimony: Champ v. State, 32 Texas Crim. Rep., 87; Mann v. State, 23 Fla., 610.

*Howard Martin,* Assistant Attorney-General, for the State.—On question of expert testimony: Johnson v. State, 10 Texas Crim. App., 571.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of willfully failing and refusing to work a public road, after being summoned for that purpose.    The written notice or summons was handed appellant either on the 16th or 18th of the month.    The road overseer testified he summoned him verbally prior to having the written notice served.    At the time the written notice was given, appellant stated to the party who handed it to him that he was sick and would not be able to work.    The two days, 20th and 21st of the month, covering the time the hands worked on the road, appellant did not attend.    The evidence shows that some days before being summoned he was in the field plowing; there came up a cold rain, he got wet and took la grippe; that he was suffering from this disease until some days after the 21st of the month; that this brought on kidney or bladder trouble, for which he was taking medicine; that it produced severe pains in the groins, and the lower part of his bowels; that he was passing blood from his bladder or kidneys for some time; that he had previously suffered from bladder or kidney trouble for six weeks; and a physician who attended him told him it was gravel or

hemorrhage of the bladder, about which, however, he was uncertain; that the result of this was very painful, both in the passage of blood as well as urine and the pains were very severe in his groin and stomach. Dr. Pope was placed on the stand, and permitted to testify, from the symptoms mentioned, in his opinion appellant did not have gravel; that he had had a good many patients coming to him passing blood, as appellant did, and it did not seem to inconvenience them from hard work; that defendant could have performed manual labor at the time he was to have worked the road. It was further in evidence that Dr. Pope had made no examination of appellant and knew nothing of his case, except the facts stated by him while he was testifying; that he had never attended appellant. Appellant reserved exceptions to this testimony, and especially to that portion of the opinion of the doctor which stated that appellant was able to work upon the road from the evidence he had heard defendant give. He further objected to that portion of the doctor's testimony in regard to his statements that he had patients who passed blood in a similar manner as that described by appellant, and as to the effect it had on them in regard to doing manual labor. We are of opinion that the exceptions are well taken. This was the very question of fact to be decided by the jury. Expert testimony is not permitted to go to the extent of deciding issues of fact upon which the jury must pass, for that would be substituting the expert's testimony, or the opinion of the doctor who gives it, for the verdict of the jury. The condition of appellant during the sickness might have been the subject of investigation by the State to meet the evidence given by appellant, but this character of testimony was not offered. Dr. Pope made no examination of appellant at any time, knew nothing of his condition, except as stated; and his opinion as to his ability to do manual labor was predicated upon appellant's testimony. The judgment is reversed and the cause remanded.

*Reversed and remanded.*