### JACK LEATHERMAN v. THE STATE.

#### No. 3616.   Decided March 14, 1906.

**Vagrancy—Professional Gambler.**

Where the indictment charged that defendant was a professional gambler, the witnesses for the State should have been required to state facts so that the jury could draw the conclusion from the same as to whether or not defendant was a professional gambler; and the mere statement that he was, was not sufficient.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Milam.

Appeal from a conviction of vagrancy; penalty, a fine of $1.

The opinion states the case.

*Wynne & McCart, Bowlin & McCart,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of vagrancy, and fined $1. Appellant's first assignment of error complains that the court erred in admitting the evidence of various witnesses, over the objection of defendant, to the effect that defendant was a gambler and professional gambler. The indictment charged that this appellant was a vagrant, in

that he was a professional gambler. Appellant's insistence is, that this being the charge against appellant, the witnesses for the State should have been required to state facts so that the jury could draw the conclusion from the same as to whether or not appellant was a professional gambler; that is, whether or not he followed the business or profession of betting at games prohibited by law. The record shows no proof other than as above detailed. This testimony was not admissible. This identical question was decided in favor of appellant in Arnold v. State, 28 Texas Crim. App., 480. The rule that seems to apply in this character of case is aptly stated in 1 Thompson on Trials, sec. 377, as follows: "A question which embraces the *whole merits* of the controversy is ordinarily subject to the objection that it calls for a conclusion on the part of the witness, although it may not be so in particular cases." See Harrison v. State, 16 Texas Crim. App., 326; Holsey v. State, 24 Texas Crim. App., 35; Half (Weis & Co.) v. Curtis, 68 Texas, 640. White's Ann. Pen. Code, arts. 412 and 413, and notes. The court having committed error in permitting witnesses to give their opinion as to the matter above complained of, the judgment is reversed and the cause remanded.

*Reversed and remanded.*