## J. G. Robbins v. The State.

### No. 8623.   Delivered May 6, 1925.

1.—Manslaughter—Bills of Exception—Question and Answer Form—Not Considered.

Bills of exceptions in question and answer form, will not be considered by this court. Art. 846 Vernon's C. C. P. The first ten bills of exception in this record are in question and answer form and will not be considered. Notwithstanding the statute, and the uniform holding of this court. Since the time that the memory of man runneth, not to the contrary, such bills continue to be presented to us.

2.—Same—Bills of Exception—Not Considered—When Improperly Drawn.

This court has repeatedly held that a mere statement of a ground of objection in a bill of exceptions is not tantamount to a certificate of the judge that the facts which form the basis of the objection are true, it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill, together with reference to surrounding circumstances as would verify the truth of his objections and elucidate the error complained of. See Secs. 209 and 210 page 134, Branch's P. C. and authorites there cited.

3.—Same—Remarks of District Attorney—Held, Improper.

It was highly improper for the district attorney to state to a witness on the stand, facts which were not known to the witness to aid him in his testimony. Just why prosecuting officers will attempt to supply testimony about which a witness is uncertain, is more than we are able to understand. but in view of the fact that the court in this case instructed the jury not to consider the effort of the district attorney to coach his witness, and the infliction of the minimum punishment for manslaughter, we do not feel warranted in reversing the case.

Appeal from the District Court of Fayette County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction for manslaughter; penalty, two years in the penitentiary.

The opinion states the case.

*L. D. Brown,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—Appellant was convicted in the district court of Fayette County for the offense of manslaughter and his punishment assessed at confinement in the penitentiary for a term of two years.

Appellant has placed in the record thirteen bills of exceptions, twelve of which it will be impossible for this court to consider, under the statute and under the rules that have long been in force in this court. The first ten of said bills of exceptions are in question and answer form, and the same can not be considered for that reason. Art. 846, Vernon's Code of Criminal Procedure. From the time of the enactment of this statute until the last opinion day in this court the cases have uniformly held that this court will not consider a bill of exception or a Statement of Facts when submitted to this court in question and answer form. There is no statement in this case from the trial judge to the affect that is was necessary to prepare the bills of exceptions in question and answer form in order to elucidate any fact or question involved.

Bills 11 and 12 are also fatally defective, because they state mere grounds of objections in said bills, and there is no certificate of the judge that the fact which formed the basis of the objection are true. At the risk of making this opinion longer than necessary, we desire to quote bill No. 12 as illustrative of the defective nature of these bills. It follows:

''Be it remembered that upon the trial of the above entitled and numbered cause, that after the State closed is case in chief, and after the defendant had rested, the district attorney on the night preceding the occurrence in the court room, took three persons, Henry Presum, John Reis and Fritz Girndt, in an automobile and carried them from the town of La Grange to the town of Rutersville, about five miles distant, and to the house of a man by the name of Titchen, and at said house the three arranged chairs in the room, a table with a light on it, and curtains at the window, and had the persons mentioned occupy the chair while others passed by the window on the outside of the house and made observations as to what the persons sitting in the room could see in looking out of the house into the dark and into the outside darkness where the light of the room fell through the window. Said three persons were introduced to

testify as to what they could and could not see in looking from the inside of the room to the outside while a person was passing or standing in the light of the window. To said testimony the defendant objected, because it was irrelevant and immaterial to any issue in this case and because the demonstration was not shown to be made or to take place under the conditions of the homicide, and because there was no issue in this case as to what a person sitting in the room could see looking out of the window, and because defendant's right to act in his own self-defense was predicated upon the conditions as they appeared to him looking from the outside into the room and seeing the movements of the deceased therein. Defendant's objection was overruled and the witnesses were permitted to testify as to their observations at the residence of said Titchen. After the testimony was heard, defendant moved to exclude the same and instruct the jury not to consider it for the reason stated, which motion was by the court overruled and the testimony permitted to stand, to which action of the court the defendant excepted and now tenders this his bill of exception No. 12, and asks that the same be allowed, approved and ordered filed by the clerk as a part of the record in this case.''

The rule has been correctly stated in Vernon's Code of Criminal Procedure, as follows:

''The allegations of a bill of exceptions should be so explicit that the matters may be comprehended without recourse to inferences, and so as to enable the appellate court to fully understand all the facts on which the rulings depend, and must set out the proceedings below sufficient to enable the court to know that an error has been committed, and be so full that in and of itself it will disclose all that is necessary to manifest the alleged error, and must state enough of the evidence or facts proven to render intelligible the rulings involved, and it can not be aided either by a statement in reply to a motion for a new trial or by the statement of facts, nor will the appellate court supply omissions or aid the bill by inferences or presumptions.'' Sec. 21, Art. 744, Vernon's Code of Criminal Procedure.

And many cases there cited sustain the rule above announced.

Applying this principle to the bill of exceptions under consideration, we note that it fails to state as a fact anywhere in said bill that the conditions under which the experiment was made were not the same as or similar to the conditions under which the homicide took place. Without a statement of fact in the bill showing that the conditions were not the same or were no similar, then the testimony of the experiment was admissible in evidence, because if an experiment as to any disputed fact testified to at the trial appears to have been made under conditions similar or approximately similar to those which surround the original transaction, proof of the result

of such experiment is admissible in evidence if it tends to shed any light upon the transaction. For aught this bill of exceptions shows by way of a statement of fact, the conditions under which the experiment was had were similar to those which surrounded the original transaction, and for aught the bill of exception shows by way of a statement of fact the admission of the evidence of the experiment may have shed light upon the main transaction. As has been stated, a mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the fact which form the basis of the objection are true; it merely shows that such an objection was made. The defendant should incorporate so much of the evidence in the bill as would verify the truth of his objections. Secs. 209 and 210, page 134, Branch's Penal Code, and authorities there cited.

Bill of exceptions No. 11 is subject to the same objections as have just been mentioned with reference to bill No. 12, and it can not be considered.

By bill of exception No. 13 appellant complains that while the witness Girndt was on the stand he was asked if he knew where he was when he was making the demonstration or experiment about which he was testifying, and to which question he answered that he did not, and that the district attorney thereupon stated that he observation or experiment was at the house of a man by the name of Titchen near Rutersville; to which action of the district attorney the defendant excepted, for the reason that a juror had been accepted and sworn to try the case, whose name was Titchen and whose residence was at Rutersville. The court explains this bill of exception by saying that the witness Girndt was asked on cross-examination the question, "At whose house did you make the demonstration as to a lamp and seeing a man through the window?" and the witness answered, "I don't know whose house that was; the fellow that runs that garage out there; I can not think of his name." Whereupon the district attorney turned to the lawyer who asked the question and stated, "Mr. Brown, I think the man who owns the house was named Titchen, Titche, or something like that." Whereupon the court immediately instructed the jury to disregard the statement of the district attorney.

The conduct of the district attorney in injecting his own knowledge into this witness' answer was entirely reprehensible, and the jury was properly instructed to disregard it; and if we could believe that injury occurred to the defendant on account of this conduct we would not hesitate to reverse this case. Just why prosecuting officers will attempt to supply testimony about which a witness is uncertain is more than we are able to understand. But, in view of the fact that the appellant received the minimum penalty for manslaughter, under a state of facts that would have warranted a much

graver penalty, we can not say that this misconduct of the district attorney had such an effect on the jury as to have prejudiced the appellant's case, and the assignment is therefore overruled.

This disposes of all the questions raised; and, finding no error in the record, it is our opinion that the judgment should in all things be affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.