## HENRY HODDE V. THE STATE.

### No. 10323.   Delivered June 23, 1926.

**1.—Rape—Evidence—Immaterial—Properly Excluded.**

Where, on a trial for rape of a female under the age of consent, the birth certificate of prosecutrix' birth, which established that she was under 18 years of age, was properly excluded, as it was wholly without any probative force, pertinent to the case, there being no issue nor controversy as to the prosecutrix being under the age of consent at the time of the alleged act of intercourse.

**2.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where appellant complains of the refusal of the court to permit his witness to refer to the baptismal record of prosecutrix, and the bill fails to show the contents of the baptismal record, and sets out no facts which would show error in the ruling made, nothing is presented to us for review.

Appeal from the District Court of Colorado County. Tried below before the Hon. Lester Holt, **Judge.**

Appeal from a conviction of rape, penalty five years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is statutory rape, and the punishment is five years in the penitentiary.

The evidence for the state is amply sufficient to support the verdict. The appellant's testimony is sufficient to show that the act of intercourse did not take place. The issues of fact thus presented were submitted by the trial court in a charge that was not excepted to or in any manner criticized by the appellant.

There are but two bills of exceptions in the record. The first bill of exceptions complains at the court's action in refusing to permit the appellant to introduce in evidence the baptismal record which showed that prosecutrix was born on March 15, 1907. The indictment charged and the proof showed that the offense was committed in July, 1924. The record, had it been admitted, would not have shown that prosecutrix was 18 years of age at the time the offense is alleged to have been committed, and under the record in this case it could have had no probative force. Of course, if the excluded testimony had shown or tended to show that prosecutrix was more than 18 years of age at the time of the commission of the offense a different question would have been presented, but as above stated, it not only did not show this but would have shown the contrary, and there is no issue of fact raised to the effect that prosecutrix was over the age of consent at the time of the commission of the offense. Under the record as presented, reversible error is not shown by bill of exceptions No. 1.

Bill No. 2 complains at the court's action in refusing the appellant's witness, Frank Weber, the right to refer to the baptismal record of the church at Mentz, Texas, to refresh his memory as to the age of prosecutrix. This bill utterly fails to show the contents of said baptismal record and sets out no facts which would show error in the ruling made. Rutherford v. State, 277 S. W. 669. Black v. State, 151 S. W. 1053. Robbins v. State, 272 S. W. 175.

Finding no reversible error in the record, the judgment is in all things affirmed.                    *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.