# C. A. ROBERTUS v. THE STATE.

No. 14370. Delivered November 13, 1931.
Rehearing Denied January 27, 1932.

The opinion states the case.

*Fouts, Amerman, Patterson & Moore,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The appellant was convicted of the unlawful practice of medicine and his punishment was assessed at a fine of $50 and one day in jail.

·The evidence reveals without conflict that the appellant treated a young lady, Miss Ruby Wrong, after examination, for misalignment of certain joints of the vertebrae and spine; that appellant was known as a chiropractor; that he treated Miss Wrong by using a course of adjustments for which he charged and was paid compensation; that he used no medicine or surgical instruments. It was also shown that he had not registered in the district clerk's office of the county in which he resided and had not received lawful authority to practice medicine.

By bill of exception No. 1, appellant complains of the refusal of the trial court to quash the information in this case. Several grounds are set up in support of said motion, but in said motion it is not stated specifically how the information is duplicitous nor in what respects it fails to charge an offense, but we gather from appellant's brief that his principal contention is that the information is defective in that it does not charge the appellant with an offense, but charges him with practicing medicine without having both his license based upon examination and a verification license recorded, when guilt could be based only on his failing to have either one or the other.

In misdemeanors it has been held by this court that where several ways by which an offense may be committed are prescribed in the same

statute, and are embraced in the same general definition and punished in the same manner and to the same extent, and not repugnant to each other, they may be charged conjunctively in the same count in an information. See Branch's Penal Code, sec. 508. Also Reum v. State, 84 Texas Crim. Rep., 225, 206 S. W., 523; Copping v. State, 7 Texas App., 61; Morris v. State, 57 Texas Crim. Rep., 163, 121 S. W., 1112; Cabiness v. State, 66 Texas Crim. Rep., 409, 146 S. W., 934; Stevens v. State, 68 Texas Crim. Rep., 282, 150 S. W., 944; Goodwin v. State, 70 Texas Crim. Rep., 600, 158 S. W., 274; Johnson v. State, 75 Texas Crim. Rep., 177, 171 S. W., 212.

Appellant also attacks the law as being unconstitutional. We do not deem it necessary to discuss this at any length because this law has often been held by this court as constitutional. In the case of Hicks v. State, 88 Texas Crim. Rep., 438, 227 S. W., 302, 304, wherein it was contended that this law was discriminatory, Judge Lattimore, speaking for the court, said: "The law, as a law, appears to be made equally for all who fairly come within its comprehension, and as far as we know prescribes no examination conforming to the technical requirements of any school or branch of medical practice; and is not violative of the tenets of Article 16, Section 31, of our Constitution, which commands laws prescribing the qualifications of physicians, and forbids preference by law to any school of medicine. The constitutionality of this law has often been passed on by the courts." Citing Germany v. State, 62 Texas Crim. Rep., 276, 137 S. W., 130; Kennedy v. Schultz, 6 Texas Civ. App., 462, 25 S. W., 667; Ex parte Collins, 57 Texas Crim. Rep., 2, 121 S. W., 501; Newman v. State, 58 Texas Crim. Rep., 224, 124 S. W., 956; Kellogg v. State, 58 Texas Crim. Rep., 84, 124 S. W., 958; Byrd v. State, 72 Texas Crim. Rep., 242, 162 S. W., 361.

Bill of exception No. 2 complains of the action of the trial court in permitting the witness, Ruby Wrong, to testify over the objection of the appellant that she had been going there every day in the week since she had first started going to see the defendant. Appellant's exception is on the ground that it is immaterial and irrelevant. It is not set out in this bill whether the testimony was objected to before or after it was given, but from its recital the objection appears to have been made after. The objection was very general and the bill is insufficient in and of itself to manifest the supposed error. We perceive no reason why a witness may not be permitted to state how many times she went to see the party who was treating her for a disease or a disorder and directly or indirectly charging money therefor.

Bill of exception No. 3 complains that while the witness T. H. Tobin, a witness for the state, was testifying, the state developed from said witness that the defendant was not a dentist, nor a masseur, not an osteopath, and not a nurse. The defendant's objections were upon the grounds that

the state did not show that the witness knew these matters of his own knowledge and further that the complaint and information charged him with a specific treatment. The bill does not show that the witness did not know these matters of his own knowledge. While it might not be necessary for the state to prove that appellant was not a dentist, masseur, or nurse, we cannot see any harm that was done appellant by so proving.

Bill of exception No. 4 is in question and answer form without any certificate of the necessity therefor. If the bill is considered, it complains of the action of the trial court in sustaining the state's objection to the question, while Miss Ruby Wrong was on the stand, as to what was her condition after she went up to see Mr. Robertus. Such evidence could in no way mitigate against the question of the guilt of the defendant, and the court did not err in not permitting this issue to get in the case. See Germany v. State, 62 Texas Crim. Rep., 276, 137 S. W., 130; Larson v. State, 106 Texas Crim. Rep., 261, 285 S. W., 317.

Bill of exception No. 5 complains of the action of the trial court in sustaining the state's objection to a question and answer propounded to C. A. Robertus, the appellant, while on the stand. The bill shows that while the appellant was testifying, he was asked, "Do you practice medicine?", to which he answered, "No sir". The attorney for the state then objected because the question called for a conclusion. No more is shown by the bill except that the court sustained the objection. From this bill, it does appear that the answer had already gone to the jury before the objection was made and that the answer was not stricken out. Whether or not the accused did practice medicine was a conclusion of fact for the jury to decide. The term "practicing medicine" is especially defined in article 741, Penal Code of 1925, and under article 8 of the Penal Code, "words which have their meaning specifically defined shall be understood in that sense, though it be contrary to their usual meaning". The question asked called for an opinion on the part of the appellant and the answer thereto would not only amount to a mere opinion or conclusion of the witness, but would be an opinion or conclusion which the witness could not be permitted to testify to because it involved the whole merits of the controversy.

"A witness is not entitled to state his opinion on a question which embraces the whole merits of the case. Branch's Annotated Penal Code, sec. 132, p. 75; Arnold v. State, 28 Texas App., 480, 13 S. W., 774; Jesse v. State, 46 Texas Crim. Rep., 444, 80 S. W., 999; Leatherman v. State, 49 Texas Crim. Rep., 485, 95 S. W., 504; Barnard v. State, 45 Texas Crim. Rep., 67, 73 S. W., 957; Richardson v. State, 49 Texas Crim. Rep., 391, 94 S. W., 1016.

Bill of exception No. 6 is in question and answer form without any certification of the necessity for such form. The objections are not verified as being in fact true. Where a bill of exception is in question and answer

form and there is no certificate of the trial judge showing the necessity of such form, it has long been the rule of this court that such bill in question and answer form is not entitled to a consideration. Govance v. State, 109 Texas Crim. Rep., 47, 2 S. W. (2d) 853; Robbins v. State, 100 Texas Crim. Rep., 592, 272 S. W., 175; Romez v. State, 93 Texas Crim. Rep., 92, 245 S. W., 914.

By bill of exception No. 7, appellant makes the contention that the court should have granted a new trial and should have set aside the verdict because Ben Silligist, one of the jurors in the case, was guilty of misconduct and found his verdict upon matters not received in evidence. It appears from the testimony attached to appellant's bill that all the jurors were asked on their voire dire examination by the state's attorney if they had previously had chiropractic adjustments. Two jurors answered that they had had such adjustments; that when so interrogated, the juror Hilligist did not answer as to whether or not he had had such adjustments. The evidence showed that the two jurors who had answered that they had had such adjustments were struck from the jury list by the state. Upon the hearing of the motion for new trial, evidence was heard and Hilligist testified that he had had such adjustments from Dr. Kent, a fellow chiropractor of the appellant. Hilligist further testified that the reason he did not answer the question was because he didn't think it would have any bearing on his verdict.

The mere fact that the juror Hilligist may have been treated by a chiropractor previous to his services as a juror as a matter of law did not disqualify him, and there is no showing by reason of his not having answered the question propounded to the jury by the state that there was any probable injury to the accused by reason of his being on the jury. It is the contention of the appellant, as we understand it, that the mere fact that the juror Hilligist did not answer the question propounded to him entitled him to a new trial. Under the decisions of this state, in order to be entitled to a new trial, it is required to show that the conduct of such juror was calculated to injure appellant's rights and did probably produce such injury. This was not done. Sutton v. State, 31 Texas Crim. Rep., 297, 20 S. W., 564; Lane v. State, 29 Texas Crim. Rep., 310, 15 S. W., 827; Williamson v. State, 36 Texas Crim. Rep., 225, 36 S. W., 444; Mays v. State, 36 Texas Crim. Rep., 437, 37 S. W., 721; Whittle v. State, 43 Texas Crim. Rep., 472, 66 S. W., 771.

After hearing all the testimony on appellant's motion for new trial, the trial court overruled the same. The investigation was within the province of the trial judge and unless he abused his discretion, this court should not annul his judgment. We think the trial judge did not abuse his discretion in overruling the motion for new trial.

Finding no error calling for a reversal of this case, the judgment is affirmed. *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—If we understand appellant's attack on the Medical Practice Act as being unconstitutional, it is based on the proposition that the Acts of the 37th Legislature (1921), chapter 51, 1st C. S., page 159 (now articles 735 to 738, P. C.), exempted optometrists from the penalties of the Medical Practice Act, but did not exempt chiropractors and therefore became class legislation and a discrimination against chiropractors.

We think appellant is mistaken as to the effect of the Acts of the 37th Legislature regarding optometrists. By the terms of that Act, article 735, optometry was defined as follows: "The practice of optometry is defined to be the employment of objective or subjective means, without the use of drugs, for the purpose of ascertaining and measuring the powers of vision of the human eye, and fitting lenses or prisms to correct or remedy any defect or abnormal condition of vision. Nothing herein shall be construed to permit optometrists to treat the eyes for any defect whatsoever in any manner nor to administer or prescribe any drug or physical treatment whatsoever, unless such optometrist is a regular licensed physician or surgeon under the laws of this State."

Article 738, P. C., provides as follows: "Anyone practicing optometry who shall prescribe for or fit lenses for any diseased condition of the eye, or for the disease of any other organ of the body that manifests itself in the eye, shall be deemed to be practicing medicine within the meaning of that term as defined in the succeeding chapter. Any such person possessing no license to practice medicine who shall so prescribe or fit lenses shall be punished in the same manner as is prescribed for the practice of medicine without a license."

Prior to the pasage of the laws just referred to it was provided in the Medical Practice Act that it should not be applied to dentists regularly qualified and registered under the laws of the state who confined their practice strictly to dentistry, nor to nurses who only practiced nursing, nor to masseurs in their particular sphere of labor who publicly represented themselves as such. There was no exemption of optometrists. At the time of the passage of the Act regarding optometrists by the 37th Legislature there was pending in this court the case of Baker v. State, 91 Texas Crim. Rep., 521, 240 S. W., 924. It had been held in that case that in the statutes the subject of optometry had not been mentioned. and that it was either embraced in the Medical Practice Act or was entirely unregulated. The opinion in Baker's case was based upon the broad terms of the Medical Practice Act in defining the practice of medicine, and because of its failure to exempt optometrists therefrom it was

held that accused came within the definition of one who was engaged in the practice of medicine. Pending the motion for rehearing in the Baker case the 37th Legislature passed the law defining optometrists. Baker came within the terms of that law, and the prosecution against him was ordered dismissed. By subsequent amendments to the Medical Practice Act (see article 740, P. C.) there was included in the exemption optometrists along with dentists, nurses and masseurs. The Legislature would have had a right originally to exempt optometrists, as that term is defined, from the penalties of the Medical Practice Act the same as it did dentists, nurses and masseurs. Entertaining that view regarding the matter, we can not agree with appellant in his position that because the same result was brought about by a subsequent act of the Legislature would present the matter in a different light. We are unable to agree with appellant's contention that the Medical Practice Act as now found upon the statutes, is class legislation and discriminatory.

The motion for rehearing is overruled.

*Overruled.*