## ASHBY et al. v. BOARD OF MEDICAL EXAMINERS OF TEXAS.

### No. 9012.

Court of Civil Appeals of Texas. Austin.

June 26, 1940.

Rehearing Denied July 10, 1940.

L. J. Wardlaw and J. E. Whitmore, both of Fort Worth, for appellants.

Gerald C. Mann, Atty. Gen., and Ocie Speer and Morris Hodges, Asst. Attys. Gen., for appellees.

BLAIR, Justice.

Appellants, Hubert Milton Ashby and eleven other non-resident osteopaths, instituted this proceeding against appellee, the Texas State Board of Medical Examiners, to compel it to issue to them a reciprocity license to practice medicine in Texas, claiming the right to such a license under the provisions of Articles 4500, 4501, and 4503, R.S.1925, as amended in 1939. Acts 46th Leg., 352, Vernon's Ann.Civ.St. Arts. 4500, 4501, 4503. They alleged that each of them had been licensed to practice osteopathy by the State of Missouri and other states, but as to the latter no contention is here made; that each of them held a diploma from a reputable medical college as defined by the Texas statutes; and that each of them was entitled to a reciprocity license to practice medicine in Texas without being required to take the examination for a license to practice medicine as prescribed by Arts. 4501 and 4503, R.S.1925, as amended in 1939, Vernon's Ann.Civ.St. arts. 4501, 4503. Appellants further alleged that allopaths with licenses from the same states and with the same medical educational requirements were being granted licenses to practice medicine in Texas without examination by appellee Board, which constituted an arbitrary discrimination by the appellee Board against the School of Osteopaths in favor of the School of Allopaths, in violation of Art. 16, Sec. 31, of the Texas Constitution, Vernon's Ann. St., which provides that "the Legislature may pass laws prescribing the qualifications of practitioners of medicine in this state, and to punish persons for malpractice, but no preference shall ever be given by law to any schools of medicine." Appellee Board answered that neither of the appellants was entitled to a license to practice medicine in Texas under the reciprocal arrangements provided for by Art. 4500, as amended in 1939, because each of them held only a limited license to practice osteopathy in Missouri, which did not meet the "requirements for medical registration and practice equal to those established by the laws of this State", Arts. 4500, 4501 and 4503, as amended in 1939; and that in consequence the appellee Board did not act arbitrarily nor discriminatorily in refusing each of the appellants a reciprocity license to practice medicine in Texas without an examination as required by Art. 4503, as amended in 1939; and that the appellee Board had offered to permit appellants to take the examination required of all who desired a license to practice medicine in this State; which they refused to do.

The trial court sustained the action of the appellee Board; hence this appeal.

■ The Texas Medical Practice Act (Arts. 4495 to 4512, R.S.1925, as amended by Acts 46th Leg., 352, Vernon's Ann.Civ. St. arts. 4495 to 4512), is a comprehensive effort on the part of the Legislature to regulate the practice of medicine in this State. It is an exercise of the police power of the State to protect the public health of the people of this State. It requires that all who desire to "practice medicine," as that term is defined, shall pass an examination given by the appellee Board touching their knowledge of the twelve fundamental subjects named in the statutes, and other matters, and who shall possess certain educational, citizenship, and moral requirements. Appellants have been licensed to practice osteopathy by the state of Missouri, which does not authorize them to practice medicine in Missouri; and in fact they are prohibited from practicing medicine by the administration of drugs except as limited. They are examined by the Osteopathic Board of Missouri in only seven of the twelve subjects required of a practitioner of medicine in Texas, and Texas does not recognize any particular school of medicine as such, but requires that all schools of medicine be examined in twelve fundamental subjects before practicing any art of healing the sick in Texas.

■ By their reply brief appellants admit that they are not entitled to reciprocal licenses, because the Legislature has authorized the issuance of reciprocity licenses, Art. 4500, as amended in 1939, only "to licentiates of other States * * * having requirements for medical registration and practice equal to those established by the laws of this State"; and to licentiates of other states who "hold a license * * * giving to him the same right to practice medicine in the State * * * issuing said license which a license to practice medicine in this State gives to a physician of this State in Texas." Appellants contend, however, that the appellee Board is discriminating against them by granting reciprocity licenses to Missouri allopaths who have the same deficiency as do appellants under the Texas laws. That is, appellants insist that the Texas law pre-

scribes twelve fundamental subjects for examination for a license to practice medicine, while the Missouri law requires only seven subjects for both allopaths and osteopaths; and that therefore neither the Missouri allopath nor the Missouri osteopath has requirements "equal to those prescribed by the laws of Texas;" and that neither is entitled to a reciprocity license to practice medicine in Texas.

Having admitted that they have no right to a reciprocity license, we do not know of any authority vested in appellants, nonresidents of Texas, to bring this sort of proceeding. Manifestly, a decision by this court as to licentiates of the Missouri Allopathic School who have been issued reciprocity licenses by appellee Board cannot bind such licentiates, because they are not parties; and neither the appellants nor this court have any right to require or have entered a declaratory judgment as to future applicants for a reciprocity license. If a person is not entitled to practice medicine in Texas, then the Legislature has provided a complete remedy against his practicing, by enacting various criminal statutes, and by enacting Art. 4509, which provides a complete remedy against the unlawful practice of medicine by injunction, the proceeding to be brought by either the Attorney General, a district or a county attorney.

 But if appellants may raise the question of discrimination, then they failed to prove any discrimination against themselves and in favor of the Missouri allopaths. The Missouri allopaths and osteopaths were each refused a reciprocity license by appellee Board prior to the 1939 amendment of Art. 4500, which amendment, among other things, prohibited those holding only a limited license to practice medicine in another state from obtaining a general license to practice medicine in Texas under the reciprocal arrangements prescribed by Art 4500, as amended. After such amendment the Attorney General ruled and the appellee Board held that Missouri osteopaths, who held only a limited license to practice osteopathy in Missouri, were not entitled to a reciprocity license to practice medicine in Texas. This ruling and decision are manifestly correct because the limited license to practice osteopathy in Missouri did not meet the requirements of the Texas statutes authorizing the issuance of reciprocity licenses "to licentiates of other States * * *

having requirements for medical registration and practice equal to those established by the laws of this State." Manifestly, there is no rule of reciprocity which would compel Texas to grant a Missouri osteopath a general license to practice medicine when the state of Missouri prohibits him from practicing medicine, and limits him to the practice of osteopathy. If such were the rule, then the Texas requirements that all schools of medicine possess certain fundamental knowledge of medicine would be destroyed, and the osteopaths would themselves be given a preference over other schools of medicine in violation of our fundamental law. Numerous cases of both the Court of Criminal Appeals and the civil courts of this state hold that the provision of our Medical Practice Act, requiring an examination for all who desire a license to practice medicine as defined by our statutes, does not contravene Art. 16, Sec. 31 of our Constitution inhibiting preference or discrimination against different schools of medicine. Germany v. State, 62 Tex.Cr. R. 276, 137 S.W. 130, 132, Ann.Cas.1913C, 477; Kenedy v. Schultz, 6 Tex.Civ.App. 461, 25 S.W. 667; Dowdell v. McBride, 92 Tex. 239, 47 S.W. 524; Johnson v. State, Tex.Civ.App., 267 S.W. 1057; Robertus v. State, 119 Tex.Cr.R. 370, 45 S.W.2d 595; Allison v. State, 127 Tex.Cr.R. 322, 76 S.W. 2d 527, appeal dismissed by United States Supreme Court, 295 U.S. 717, 55 S.Ct. 828, 79 L.Ed. 1672; Id., 296 U.S. 661, 56 S.Ct. 82, 80 L.Ed. 471.

Since the 1939 amendment of art. 4500, prohibiting the granting of reciprocity licenses to licentiates of other states who held only a limited license to practice medicine in such states, the appellee Board has apparently construed the Texas Medical Practice Act as giving it discretionary power or authority to grant reciprocity licenses to practice medicine to licentiates of other states who hold a license to practice medicine which give "to [them] him the same right to practice medicine in the State * * * issuing said license which a license to practice medicine in this State gives to a physician of this State in Texas;" and accordingly appellee Board has granted to some Missouri allopaths who held a license to practice medicine in all of its phases reciprocity licenses to practice medicine in this state. Appellants contend that this construction of the statute discriminates against them, and that such construction renders the sentence quoted repugnant

to Art. 16, Sec. 31 of the Texas Constitution, in that it is tantamount to saying to them that if you only practice osteopathy in Missouri, you cannot receive a reciprocity license to practice osteopathy in Texas, thus making their right to a reciprocity license depend upon whether or not they could practice any and all of the healing arts.

 The Legislature has in accordance with the constitutional mandate provided for examinations relating to all who desire to practice medicine, which examinations are the same as regards all schools of medicine, and such requirements do not prefer any school of medicine in contravention of the Constitution, because such requirements apply to all persons alike. Our statutes simply define a practitioner of medicine, and require that he shall pass certain examinations touching his qualifications before he may obtain a license to practice any art of healing. When so licensed he may practice all of the arts of healing without regard to any school of medicine to which he may belong. Manifestly, he cannot contend that because he belongs to a certain school of medicine or does not desire to practice all of the arts of healing, that he may take only such examinations as he may think will qualify him to practice one school of medicine or one art of healing. Nor does the fact that the statutes in question do not prohibit him to do so render them repugnant to the constitutional inhibition against the preferment of any one or more schools of medicine. The State Constitution and our statutes are not concerned with any particular school of medicine. They apply to all schools of medicine and all persons alike, in that they provide that all who desire to practice medicine shall pass certain examinations relating to their qualifications, which entitles them to practice any one or all of the arts of healing.

Nor does the fact that appellee Board has granted reciprocity licenses to some Missouri allopaths without examination discriminate against appellants. Appellants do not possess the statutory requirements for a statutory reciprocity license, and having no right in the matter, they cannot complain of the action of the Board as to others who possess other qualifications different from their own. The subjects of examination required of Missouri allopaths were not the same as those required of the Missouri osteopaths. And suffice it to say that while Missouri allopaths are required to take examinations only in seven subjects, they are issued a license by the state of Missouri to practice medicine in all of its phases, the same as the Texas license authorizes its practitioners to practice medicine in all of its phases, although the Texas practitioner is required to be examined in twelve subjects. Whether the seven subjects on which the Missouri allopaths are required to be examined substantially cover the twelve subjects on which Texas practitioners of medicine are required to be examined, is a matter within the discretion of appellee Board; and there was no proof whatever that this was not true in the instant case.

The judgment of the trial court is affirmed.

Affirmed.