## Ex Parte Ira W. Collins.

### No. 4209.   Decided June 19, 1909.

### Rehearing denied October 13, 1909.

**1.—Illegal Practice of Medicine—Osteopathy—Constitutional Law—Drugs.**

Under section 13 of the Act of the Thirtieth Legislature, a person practicing Osteopathy may be prosecuted and convicted although he uses no medicine, surgery or drugs to relieve his patient, where the evidence showed that he practiced his profession of Osteopathy without proper license.

**2.—Same—Constitutional Law—Osteopathy—Medicine—Police Power.**

Under section 31, article 16, of the Constitution, the Legislature may regulate the practice of osteopathy, and is not confined to regulating practitioners of certain schools of medicine; besides, there is no constitutional limitation which inhibits the Legislature, under its police power, to prevent any one practicing any species or character of remedy to cure any real or supposed ill of the human body for pay.   Following Logan v. State, 5 Texas Crim. App., 306.

Appeal from the County Court of El Paso.   Tried below before the Hon. Albert S. Eylar.

Appeal from habeas corpus asking release of relator from arrest under a capias based on complaint of practicing osteopathy without proper license.

The opinion states the case.

*Patterson, Buckler & Woodson,* for appellant.—Cited Nelson v. State Board of Health, 57 S. W. Rep., 501; State v. Mylod (R. I.), 40 Atl. Rep., 753; State v. Liffring, 55 N. E. Rep., 168; Gaither v. Lindsey, 83 S. W. Rep., 225; Hayden v. State, 33 So. Rep., 653; State v. MacKnight, 42 S. E. Rep., 580; Bennett v. Ware, 61 S. E. Rep., 546; State v. Biggs, 46 S. E. Rep., 401; Dent v. State of West Virginia, 129 U. S., 114.

*F. J. McCord,* Assistant Attorney-General, and *E. W. Earl,* for the State.—Cited Stone v. State, 48 Texas Crim. Rep., 114, 86 S. W. Rep., 1029; Wickes-Nease v. Watts, 70 S. W. Rep., 1001; Dowdell v. McBride, 47 S. W. Rep., 524; Kennedy v. Schultz, 25 S. W. Rep., 667; Logan v. State, 5 Texas Crim App., 306; Cooley Const. Lim., 7th ed., p. 890; Reetz v. Michigan, 188 U. S., 505; Dent v. State of W. Virginia, 129 U. S., 114; Hawker v. New York, 170 U. S., 189; State v. Yegge, 103 N. W., 17; Ex parte Lockwood, 154 U. S., 116; Gosnell v. State, 12 S. W., Rep., 392; State v. Bair, 84 N. W., 532; State v. Vandersluis, 43 N. W. Rep., 789; State v. Wilcox, 68 Pac. Rep., 634; Meffert v. Medical Board, 72 Pac. Rep., 247; State v. Bohemier, 52 Atl. Rep., 643; State v. Gravett, 62 N. E. Rep., 325; State v. Marble, 73 N. E., 1063; Thompson v. Van Lear, 92 S. W. Rep., 773; State v. Heath, 101 N. W. Rep., 429; O'Neil v. State, 90 S. W. Rep., 627; People v. Phippin, 37 N. W. Rep., 888; Eastman v. State, 10 N. E. Rep., 97;

Wilkins v. State, 16 N. E. Rep., 192; State v. Webster, 50 N. E. Rep., 750. On question of regulating the practice on osteopathy: People v. Allcutt, 81 N. E. Rep., 1171; Territory v. Newman, 79 Pac. Rep., 706; Commonwealth v. Jewelle, 85 N. E. Rep., 858; O'Neil v. State, 90 S. W. Rep., 627; State v. Hefferman, 65 Atl. Rep., 284; State v. Marble, 73 N. E. Rep., 1063; Little v. State, 84 N. W. Rep., 248; People v. Gordon, 62 N. E. Rep., 858; Parks v. State, 64 N. E. Rep., 862; Bragg v. State, 32 So. Rep., 767; Blalock v. State, 37 S. E. Rep., 361; State v. Wilhite, 109 N. W. Rep., 730; Underwood v. Scott, 23 Pac. Rep., 942; State v. Yegge, 103 N. W. Rep., 17; Bibber v. Simpson, 59 Me., 181; Davidson v. Bohlman, 37 Mo. App., 576; People v. Phippin, 37 N. W. Rep., 888; People v. Blue Mountain Joe, 21 N. E. Rep., 923; State v. Buswell, 24 L. R. A., 68, 40 Neb., 158; Bandel v. Dept. of Health of N. Y. City, 85 N. E. Rep., 1067.

BROOKS, JUDGE.—Relator, being a physician practicing osteopathy in the city of El Paso, in El Paso County, failed to secure his license to so practice as had been authorized by the Act of the Thirtieth Legislature, chapter 123, page 224. Upon failing to secure the license as provided in said Act he was arrested on proper complaint and information filed in the County Court of El Paso County, and sued out an application for writ of habeas corpus before the county judge, and upon the hearing of said application relator was remanded to the custody of the sheriff of El Paso County.

The information, which in all respects is in conformity with the affidavit, is as follows: "W. W. Bridgers, county attorney of the county of El Paso, State of Texas, presents to the County Court in and for said county, at its January term, A. D. 1909, that on or about the 2d day of September, A. D. 1908, and before the filing of this information, in said county of El Paso, State of Texas, Ira W. Collins, who was then and there a resident of said county of El Paso and State of Texas, did then and there practice medicine upon human beings within the limits of the State of Texas, and county of El Paso, without authority of law, to wit: Did then and there in the manner hereinbefore and hereinafter stated, unlawfully treat a physical disease and disorder, to wit: Did then and there unlawfully treat Julia Ballinger, a human being, for hay fever, said hay fever being a physical disease and disorder, and did charge the said Julia Ballinger therefor, directly, money the value and amount of which is to the county attorney unknown, said treatment being given in the capacity of a physician and doctor, under the system and branch of medicine called osteopathy, by means of a system of doctoring and physical treatment called 'Osteopathy,' which treatment consists, and did then and there consist, in manipulating scientifically the limbs, muscles, ligaments and bones of the human body

and of the said Julia Ballinger, which pressed upon the nerves of the blood supply so that nature might have free action, the natural blood supply be restored, and the diseased condition thus removed, so unlawfully treating in the county of El Paso, State of Texas, in which the said Ira W. Collins then and there resided, all of which said treatment was given in violation of the provisions of chapter 123, Acts of the Thirtieth Legislature of the State of Texas, without having first registered in the District Clerk's office of El Paso County, Texas, the county in which he, the said Ira W. Collins, then and there resided, his authority from the Board of Medical Examiners for the State of Texas for so practicing, together with his age, post-office address, place of birth, school of practice to which he then and there professed to belong, subscribed and verified by oath, as prescribed and required by the provisions of chapter 123 of the General Laws of the State of Texas, Acts of the Thirtieth Legislature of Texas, page 224, *et seq.*, and against the peace and dignity of the State."

The evidence in the case as adduced upon the trial of the writ of habeas corpus substantiated every allegation in the information, and upon this showing relator demands his discharge on the ground that the Act is unconstitutional, which provides that an osteopath should pay a license, because the evidence shows that relator used no medicine or drugs to relieve the patient, therefore, there was no evidence from which the court could conclude the relator should be held in custody upon a charge of practicing medicine without a license. Section 13 of the Act of the Thirtieth Legislature, above cited, reads as follows: "Any person shall be regarded as practicing medicine within the meaning of this Act (1) who shall publicly profess to be a physician or surgeon and shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof. (2) Or who shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation." We hold that the court was correct in his decision, and that the statute expressly authorized the court in remanding relator, and that the statute in all respects is constitutional.

Relator further insists that section 31 of article 16 of the Constitution, which says that the Legislature may pass laws prescribing the qualifications of practitioners of medicine in this State, and punish persons for malpractice, but no preference shall ever be given by law to any school of medicine, limits the power of the Legislature in authorizing the licensing of practitioners to practitioners of medicine, and that in view of the fact that relator in practicing osteopathy uses no medicine that, therefore, relator does not come within the

provisions of the Act. As we understand relator in his brief and argument, he concedes that the statute is broad enough to cover his offense, but that the constitutional provision just cited limits the power of the Legislature to the regulation of the practice of medicine and that osteopathy is not practicing medicine. The Constitution when it demands the regulation of the practice of medicine, was not attempting to say that the Legislature was limited to any mode or method of healing in order to regulate it, but the word "medicine" used in the Constitution means the art of healing by whatever scientific or supposedly scientific method may be used. It means the art of preventing, curing or alleviating diseases and remedying, as far as possible, results of violence and accident. It further means something which is supposed to possess, or some method which is supposed to possess curative power, but if this definition of medicine is not correct, as stated in the Constitution, yet there is no limitation upon the power of the Legislature in said provision of the Constitution which inhibits the Legislature of this State under its police power to prevent anyone practicing any species or character of remedy to cure any real or supposed ill that the body has or is subject to, for pay. Acts with somewhat similar provisions to the Act of the Thirtieth Legislature now under consideration were held constitutional by the Supreme Court of this State in the case of Dowell v. McBride, 92 Texas, 239; also by this court in the case of Logan v. State, 5 Texas Crim. App., 306. So we hold that osteopathy is one of the methods of curing the ills to which human flesh is heir and is one of the methods of curing covered by the Act of the Thirtieth Legislature. In other words, in order for one in this State to practice osteopathy for pay he must secure a license, as provided for by the Act of the Thirtieth Legislature. This relator did not do. We accordingly hold that he must be remanded to the custody of the sheriff of El Paso County, where he will be called upon to answer the complaint and information relied upon in this case.

The judgment is accordingly affirmed.

*Affirmed.*

[Rehearing denied October 13, 1909.]

[On writ of error in Supreme Court of the United States, action of said court will be noted in subsequent volume of these reports.—Reporter.]