W. J. C. GERMANY v. THE STATE.

No. 1078. Decided March 29, 1911.

Rehearing Denied May 10, 1911.

1.—Illegal Practice of Medicine—Constitutional Law—Masseur.

The Act of the Thirtieth Legislature, providing that it shall be unlawful for any person to practice medicine in any of its branches, etc., who has not obtained a certificate from the State Medical Board, etc., is constitutional, and

said Act includes masseur treatment when practiced for pay, and it is no defense that the law made no provision for medical examiners for the practice of masseur treatment, and there was no error in not admitting evidence to this effect.

**2.—Same—Evidence.**

On trial of illegally practicing medicine there was no error in admitting in evidence the fact that defendant had treated others than the person alleged in the indictment.

**3.—Same—Evidence—Masseur Treatment—Massage.**

Upon trial of illegally practicing medicine there was no error in admitting testimony by qualified physicians that they were familiar with the sphere of labor of a masseur, such as is exempted under the operation of the medical practice Act, and in permitting them to testify that the sphere was to work under the directions of a physician, and that one who is not well up on anatomy, physical diagnosis, etc., is not capable of directing the use of massage.

**4.—Same—Practice in District and County Court—Reading Law.**

Where it is not shown on appeal what was in the briefs of another case which were read to the court, the same could not be considered on appeal; besides appellant did not object to their being read in the presence of the jury.

**5.—Same—Charge of Court—Defining a Physician.**

Where the definition given of a physician was in accordance with precedent there was no error; and where one treats or offers to treat mental or physical disease by any system or method and charge therefor, and who has not obtained authority to do so from the Medical Board he is amenable to the law.

**6.—Same—Complaint—Information.**

Where, upon appeal, it was not shown that any material change was made in the information, and the record showed that the information was based upon a complaint in the record, there was no error; besides it was wholly unnecessary to allege or make mention of the affidavit in the information which was filed with it.

Appeal from the County Court of Tom Green. Tried below before the Hon. Milton Mays.

Appeal from a conviction of illegally practicing medicine; penalty, a fine of $50 and one hour confinement in the county jail.

The opinion states the case.

*R. B. Truly* and *W. B. Taylor,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—The appellant in this case was prosecuted under information and complaint, charged with the offense of practicing medicine and treating disease without registering a certificate as required by law.

Upon the trial the defendant admitted that he had never registered any license or authority of any character from the Board of Medical Examiners. The contention in this case is that any man has a right to treat disease by the masseur treatment, and charge therefor, and that it is not necessary to secure a certificate or license from the State Medical Board.

Chapter CXXIII of the Acts of the Thirtieth Legislature, pro-

vides that it shall be unlawful for any person to practice medicine in any of its branches upon human beings, who has not obtained a certificate from the State Medical Board, and the Act provides that in order to obtain a certificate a man must be examined as to his knowledge of anatomy, physiology, chemistry, histology, pathology, bacteriology, physical diagnosis, surgery, obstetrics, gynecology, hygiene, and medical jurisprudence. In section 13 of the Act it is provided:

"Any person shall be regarded as practicing medicine within the meaning of this Act (1) who shall publicly profess to be a physician or surgeon and shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof. (2) Or who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method or to effect cures thereof and charge therefor, directly or indirectly, money or other compensation."

The proof shows that appellant circulated the following advertisement:

### MASSAGE.

Mr. and Mrs. W. J. C. Germany, Masseur and Massuse. Electric Treatment Given. 18 West Harris Avenue, San Angelo, Texas. Office Hours, 8:30 a. m. to 11:30 a. m.; 1:30 p. m. to 5 p. m.

"They can refer you to numbers of cases they have cured, including rheumatism, neuralgia, catarrh, typhoid fever, etc. Can cure any curable disease without the use of poisonous medicine. Will practice anywhere their services are wanted. Consultation and examination free."

Attached to this were many testimonials, among which was the following: "This is to certify that W. J. C. Germany, a masseur of our town, cured my boy, seven years old, of typhoid fever in nine days; he had the fever seven days before I called him. I heartily recommend him as a doctor to anyone that is sick." Others certify that defendant had cured them of inflammatory rheumatism, dropsy, epilepsy, female trouble, paralysis, liver and kidney trouble, catarrh, etc.

The evidence shows that he treated Miss Willie Luther for appendicitis and received $42 for the treatment. He is shown to have treated a number of others and received pay therefor, and was holding himself out as one who treated disease by the method mentioned in his circulars. He did not give medicine to anyone. Several say that he cured them, while Miss Luther is shown to have died.

The contention is made that the law is unconstitutional, and that the court erred in refusing to permit the defendant to show that "there was no Board of Medical Examiners nor any authority in the State of Texas to whom the defendant could apply for a license or

permit to practice massage treatment, and that as the law made no provision for the practice of the masseur treatment, it was discriminating in its character." We know of no higher duty a government has than to protect the life and health of its citizens, and if experience has shown that no man should be permitted to treat disease who has not a knowledge of the subjects named in the medical practice Act, the Legislature not only had the power, but it was its duty to pass a law protecting the citizens of the State. The law does not attempt to say how anyone shall treat disease. This is left to the sound judgment of the practitioner. All it says is that he must have a knowledge of certain given subjects before he shall undertake to practice. If the defendant desires to treat those who are sick, let him demonstrate he has a knowledge of the subjects named in the law, and he can treat disease in the manner that is by him deemed best. Physicians all state that in some character of diseases they use "massage" and that it is beneficial, while in others it is harmful. The court did not err in not permitting the defendant to prove there was no board where he could obtain license to practice massage. There is a board where he can obtain such license, but he must show, in order to get that license, that he has a knowledge of the human anatomy, is able to diagnose disease and has a knowledge of the studies named. This is a wise provision, as we see it. In protecting the liberty of the citizen, and in protecting him in his property rights, our laws provide that no man shall practice law, or appear in the courts in behalf of another for a remuneration, unless he has gone before a board and demonstrated he has a knowledge of certain principles underlying the law, naming certain books he must read and master to some extent at least. When we are thus careful in dealing with the liberty and property of our citizens, how much more care should we take when we come to deal with matters relating to his very life and the preservation of his health! The question here raised is so fully and ably discussed by Judge Brooks in Ex parte Collins, 57 Texas Crim. Rep., 2, 121 S. W. Rep., 501, and by Judge Ramsey, in Newman v. State, 58 Texas Crim. Rep., 223, 124 S. W. Rep., 956, we do not care to discuss it further.

The defendant in several bills of exception objected to the State proving that defendant has treated others than Miss Luther, on the ground that it would only serve to prejudice the jury against him. The offense with which defendant was charged was that he was offering to treat disease for pay without having registered his certificate. The advertisement issued by defendant and the fact that he treated others for disease contemporaneously with Miss Luther, was all admissible, as was the fact that he told Mr. Luther he could cure his daughter of appendicitis. It was not a question in the case of whether the treatment given by defendant was harmful or beneficial, and the court did not err in not permitting this issue to get in the case. It was immaterial whether Miss Luther had been treated by others

before she was treated by defendant, but the fact that the court permitted her father to state that he had his daughter treated by other physicians before she was treated by defendant, could not be injurious to defendant. The fact that defendant represented to witnesses that he could cure certain diseases and had cured them, was admissible. Any statement of a defendant relative to the offense for which he is being tried, can be proven if the State desires to elicit it.

The defendant objected to the State proving by Dr. White, of Temple, and other physicians, "that he was familiar with the sphere of labor of masseur, such as is exempted under the operation of the medical practice Act, and in permitting him to testify that the sphere was to work under the directions of a physician. That one who is not well up on anatomy, physical diagnosis, etc., is not capable of directing the use of massage." As the defendant was claiming that he was exempt under that provision of the law, it was proper to admit the evidence.

The appellant complains that the court permitted the State's counsel to read to the court the opinion rendered in the Newman case, and the briefs filed. It is not shown in the bill what was in the briefs, therefore it is impossible for us to say whether or not it was improper. It has long been the custom in this State for either the defendant or the prosecution to present to the court the authorities on which they rely, and if the defendant objected to them being read in the presence of the jury, he should have asked that they be retired. This, the judge certifies, he did not do.

The appellant complains of the charge of the court in defining a physician. We think the definition given was in accordance with the decisions of this court in the Collins and Newman cases hereinbefore referred to.

We have carefully reviewed the record in this case, and the court correctly submitted the law in his charge. Under the repeated decisions of our court, one who shall treat or offer to treat mental or physical disease by any system or method, and charge therefor, and who has not obtained authority to do so from the medical board, is amenable to the law.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

May 10, 1911.

HARPER, Judge.—At a former day of this term of court this case was affirmed, and appellant has filed a motion for a rehearing. All the questions raised in the bills of exception and motion for new trial were passed on in the original opinion. However, we find in the record a motion to quash the information, which was by the court overruled. No bill of exceptions was reserved to the action of the court in overruling it, and such action is not complained of in the

motion for a new trial. However, it is insisted on, in the motion for a rehearing in this court, and, if the information is defective, of course, the case must be dismissed.

The allegation in the motion to quash the information is based solely on the ground "that the information states that it is based on the affidavit of J. S. McConnell, whereas, the affidavit attached to and made a part of the information is sworn to by Sam Grayson."

In the record there is copied a complaint which is signed by Sam Grayson, and the information alleges "upon the affidavit of Sam Grayson," so the record before us discloses that no ground existed upon which to base the motion of appellant. If the name was ever changed in the information, and appellant desired us to review the action of the court in permitting it to be done, the facts should have been reserved in a proper bill of exceptions, that we could, from the record, determine the matter. In the absence of a bill of exceptions there is nothing to review. However, if there had been a mistake in name in the beginning of the information, as alleged by appellant, the information setting out the offense in full the words "upon the affidavit of ——————," not being descriptive of the offense, might be treated as surplusage. Warren v. State, 17 Texas Crim. App., 207; Hilliard v. State, 17 Texas Crim. App., 210; Johnson v. State, 17 Texas Crim. App., 231, the court saying: "We take occasion here to remark that it is wholly unnecessary to state in the information that it is founded upon complaint in writing under oath, or to make any mention whatever of the oath. This is not one of the requisites of an information. If the oath is filed with the information, it is all the law requires." See articles 466 and 467, Code of Criminal Procedure; Steinberger v. State, 35 Texas Crim. Rep., 492.

As all the other grounds in the motion were passed on in the original opinion, and the information charged all the requisites of the offense, even though appellant's contention is correct, and the record before us wrong, the motion for a rehearing is overruled.

*Overruled.*