### T. L. Moore v. The State.

No. 5652. Decided January 21, 1920.

**1.—Carrying Pistol—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, it was an issue from the evidence whether defendant armed himself to seek and probably provoke a difficulty with another, and that his purpose was unlawful, he could not justify himself upon the theory that his route home would bring him in contact with the man he was seeking, and the jury finding against his theory upon a proper charge of the court submitting the issue, there was no reversible error. Following: Ballard v. State, 74 Texas Crim. Rep., 110, and other cases.

**2.—Same—Rule Stated—Theory of Defense.**

It may be asserted as a sound legal proposition that if the conditions which sustained carrying the pistol ceases, that the right to carry it also ceases.

**3.—Same—Requested Charge—Practice on Appeal.**

Where, upon trial of unlawfully carrying a pistol, the court's main charge substantially and correctly submitted the theories of the defense, there was no reversible error in refusing requested charges under the same subject.

Appeal from the County Court of Delta. Tried below before the Hon. I. B. Lane, judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*Phillips and Berry,* for appellant.—On question of insufficiency of the evidence: Head v. State, 76 Texas Crim. Rep., 496, 175

S. W. Rep., 1062; Crockett v. State, 205 S. W. Rep., 987; Bowles v. State, 66 Texas Crim. Rep., 551, 147 S. W. Rep., 869; Buckley v. State, 70 Texas Crim. Rep., 550, 157 S. W. Rep., 765.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— Cited: Garrison v. State, 54 Texas Crim. Rep., 600; Brent v. State 57 id., 611; Woodroe v. State, 50 id., 213.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted and fined one hundred dollars for unlawfully carrying a pistol.

The evidence for the State discloses that appellant was a merchant in the village of Amy, three or four miles from Cooper, the county seat of Delta County; that in the evening he left his store armed with a pistol and went to the witness Toon where resided a young man by the name of Poteet. When he reached this place he called Poteet from the house and cursed and abused him and drew his pistol upon him. He applied some pretty vigorous language and epithets to Poteet including threats against his life. The reason for it was that appellant thought Poteet was trying to marry his daughter, to which appellant most seriously objected. Among other things, he threatened to kill him if he did not leave that country by noon the following day. The State further proved by a witness that on the same evening and prior to the time appellant went to Toon's residence, that appellant asked witness if Poteet was at Toon's residence, saying that he wanted to see him. The witness told him that Poteet was at Toon's house. Shortly afterwards he went to the residence of Toon, and the matters occurred above mentioned. The details of the testimony we think are unnecessary. This is a general statement of the State's case. Appellant admitted having the pistol, and that he saw Poteet with reference to the matter of Poteet seeking to marry his daughter, and was out of harmony entirely with that idea. He testified to the vigorous language shown by other witnesses. His testimony conveys the idea that he was going home and carried the pistol with him as he had $251 in his possession, and that he was going along the ordinary route home, his residence being about a mile from the store. He further conveys the idea that he did not go by the residence of Toon especially to see Poteet, though he intended to talk with him on the first meeting, and this was the first meeting. This perhaps is enough testimony to bring in review the question at issue. Appellant also stated that he did not draw the pistol until he thought Poteet was reaching to get a pistol.

The theory of the case is that inasmuch as he had the legal right to carry his pistol from his store to his residence, that the meeting with Poteet and using the vigorous language and exhibiting the pistol, should not be used against him to show its being unlawfully carried. That appellant had the right to carry his pistol home from his store, had the case rested there, would be unquestioned. But where it is an issue as to whether it was lawfully carried under

such circumstances, or that there is an issue on the facts, it becomes a matter for the decision of the jury. If the defense be honest and supported by the facts, and no evidence is shown impeaching it, an acquittal should be awarded; but if his honesty is at issue or the facts impeach such defense, or tend so to do, a conviction will not be disturbed on appeal where the jury have resolved the facts against the defendant upon such issue. Impson v. State, 19 S. W. Rep., 677; Sanders v. State, 20 S. W. Rep., 556; Dillingham v. State, 32 S. W. Rep., 771; Branch's Ann. P. C. for collation of cases, page 562. It may be asserted as a legally sound proposition that if the conditions which sustain carrying the pistol ceases, that the right to carry it also ceases. Branch's Ann. P. C., 557, for collated cases. They are quite numerous sustaining this proposition If appellant armed himself to seek and probably provoke a difficulty with Poteet, he would be guilty His purpose being unlawful, he could not justify upon the theory that his route home would bring him in contact with the man he was seeking. Ballard v. State, 74 Texas Crim. Rep., 110; Woodroe v. State, 50 Texas Crim. Rep., 213; Garrison v. State, 54 Texas Crim. Rep., 604; Brent v. State, 57 Texas Crim. Rep., 411; Cruz v. State, 76 S. W. Rep., 435. In Cruz's case, *supra,* it was held that if the defendant's purpose was to raise a difficulty or a row with the party he was seeking, he would not be justified in carrying the pistol: and in Ballard v. State, *supra,* it was held that the accused would not be justified in arming himself and seeking a party to demand an explanation, although in the conversation incident to the meeting there was a killing, and his right of self-defense should be maintained, citing the Brent case, 57 Texas Crim. Rep., 411, and other cases already cited. That the appellant would be justified in carrying the pistol from his place of business to his residence, would not justify him in arming himself and seeking his antagonist, although he found him enroute to his home. The authorities above cited sustain this proposition. Appellant had no legal right to arm himself and seek Poteet and give him a cursing and abuse and threaten to kill him if he did not leave the country because of his anticipated marriage with appellant's daughter. He would become a violator of the law in thus arming himself and seeking his antagonist.

There is criticism of the court's charge and refusal to give special instructions. We are of opinion, without discussing those, if there was any error in the court's charge it was of such a nature it would not be reversible; but we are of opinion the court's charge substantially and correctly submits both theories to the jury. The cases cited we think support the court's charge and authorize it as given.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*