## E. C. PLUMLEE V. THE STATE.

### No. 10280. Delivered March 16, 1927.

#### 1.—Theft, a Felony—Continuance—Diligence Must Be Shown.

Where appellant was indicted on the 17th day of September, 1925, and his case called for trial on the 13th day of November following, his motion for a continuance on account of the absence of a witness for whom no process was issued until the day of the trial, was properly overruled. The rule is well settled in this state that the burden is upon the defendant to show the exercise of diligence in support of an application for a continuance. Following Walker v. State, 13 Tex. Crim. App. 647; Grimes v. State, 178 S. W. 523.

#### 2.—Same—Misconduct of Jury—Testimony Conflicting—Discretion of Court.

Where appellant complains of the misconduct of the jury, and the evidence heard in support of his complaint before the trial court is conflicting, the decision of the matter is with the trial court, and in the absence of a showing that there was an abuse of his discretion, his determination will be sustained. See Douglas v. State, 58 Tex. Crim. Rep. 122; Lamb v. State, 98 Tex. Crim. Rep. 358; Vernon's Tex. C. C. P., Vol. 3, p. 46, note 49.

#### 3.—Same—Remarks of Trial Court—After Verdict—No Injury Shown.

Where appellant complains at the court's action in making a statement on the hearing of the motion for a new trial, as to what took place at the time the jury was discharged, no error is shown in such complaint.

#### ON REHEARING.

#### 4.—Same—Co-Defendant as Witness—Held Incompetent—Statute Construed.

When his case was called for trial appellant moved for a continuance on account of the absence of the witness Feely, who had been indicted, tried and convicted of the same offense and transaction charged against this appellant, and given a five-year suspended sentence, which had not been set aside, or dismissed at the time of this trial. He would not have been a competent witness, if present. See Watts v. State, 75 Tex. Crim. Rep. 330; Sunday v. State, 77 Tex. Crim. Rep. 26, and Majors v. State, 273 S. W. 268.

#### 5.—Same—Continued.

Art. 711, C. C. P. of 1925, declares a person so convicted incompetent to testify as a witness. Chapter 27, Acts Regular Session, Thirty-ninth Legislature, provides that persons convicted of crime, who are not confined in the penitentiary, are competent witnesses. We do not think that this Act, as announced by this recent statute, make any change in the law, as same appears in said Art. 711, supra.

#### SECOND MOTION FOR REHEARING.

#### 6.—Same—New Trial—Action by Trial Judge—Cannot Be Impugned.

Appellant presents a second motion for rehearing in which he attacks the action of the trial judge in overruling his motion for a new trial, on the ground that the judge was prejudiced against him by reason of his knowledge of a former conviction of appellant in his court, evidenced by remarks made to one of the jurors after the verdict was returned.

7.—Same—Continued.

The discretion of the trial court to grant or refuse a new trial is not to be the subject of review unless abused. In performing this function there is no procedure or process to eliminate from the mind of the trial judge facts pertaining to the case, which have come to his knowledge in the performance of his duties as trial judge. In this case the remarks of the judge, made to one of the jurors after verdict returned, cannot have the effect of impeaching the decision of the trial court in passing upon the motion for a new trial.

Appeal from the District Court of Stephens County. Tried below before the Hon. C. O. Hamlin, Judge.

Appeal from a conviction for theft, a felony, penalty two years in the penitentiary.

The opinion states the case.

*Robert E. Bowers* of Breckenridge, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft of property of the value of over $50, and the punishment is two years in the penitentiary.

The appellant was convicted upon his plea of guilty to the charge. There are but three bills of exceptions contained in the record; the first of these bills complain at the court's action in refusing to postpone the case until the witness Clyde Feely could be located and his attendance secured. The court certifies in explanation of this bill that no application for the issuance of any process was ever made for said witness until the 13th of November, 1925, the record disclosing that the case was tried on this day. The record further shows that the appellant was indicted on the 17th day of September, 1925, nearly two full months prior to the date of the trial. With the record in this condition, the showing of diligence is utterly insufficient. There is nothing in this record that would tend to excuse or justify the appellant in waiting until the day of the trial to issue a subpoena for the absent witness, and there is no showing made that the subpoena was ever served and no reason given as to why this was not done. The rule is well settled in this state that the burden is upon the defendant to establish the exercise of diligence in support of an application for a continuance. Walker v. State, 13 Tex. Crim. App. 647; Grimes v. State, 178 S. W. 523.

Complaint is also made at the court's action in refusing a new trial on the ground of alleged misconduct of the jury. The evi-

dence as to what took place in the jury room is more or less conflicting and we are disposed to hold that no abuse of the court's discretion is shown in regard to this matter. We are confirmed in this view of the case because of the fact that the appellant pleaded guilty and was given the lowest penalty prescribed by law for the offense with which he was charged. It is true that he asked for a suspended sentence and this was denied him by a verdict of the jury, but we will not hold under the facts contained in the record that this denial was probably due to any misconduct of the jury trying the case.

By another bill, complaint is made at the court's action in making a statement on the hearing on the motion for a new trial as to what took place at the time the jury was discharged. This matter was being heard by the court after the jury had been discharged, and we think no error is shown by the bill.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seriously questions the correctness of our upholding the refusal of his request for a postponement when this case was called for trial. The correct solution of this matter rests upon a ground not discussed in our original opinion, as well as what we there said. Postponement was sought to get the testimony of one Feely. His affidavit is attached to the motion for new trial and shows that he had been indicted for the same offense and transaction charged against this appellant, convicted and given a five-year suspended sentence, which had not been set aside or dismissed at the time of this trial. In Watts v. State, 75 Tex. Crim. Rep. 330; Sunday v. State, 77 Tex. Crim. Rep. 26, and Majors v. State, 273 S. W. 268, we upheld the proposition that one in such case would not be usable as a witness on behalf of his co-defendant. The statute so stating is Art. 711, 1925 C. C. P. We do not think the provisions of Chapter 27, Acts Regular Session, Thirty-ninth Legislature, make any change in the law as same appears in said Art. 711, supra. General competence to testify on the part of persons convicted of crime who are not confined in the penitentiary, is announced by this recent statute, but no reference to or change in Art. 711 appears. There was no error in refusing the post-

ponement for this additional reason to that stated in our original opinion, that Feely could not have testified for appellant if the postponement had been granted.

On the question of misconduct of the jury, we observe that appellant pleaded guilty and was given the lowest penalty. We necessarily conclude that what may have been said in the jury room must have been something reasonably calculated to influence the jury against giving appellant a suspended sentence, in order for us to hold such statements injurious. We have again carefully examined and analyzed all that appears in bill of exceptions No. 3 wherein is set out all the testimony heard in support of the motion for new trial. Appellant introduced one juror and the state produced four. We think the learned trial judge entirely justified in settling the apparent conflicts in the testimony of these gentlemen favorably to the state.

We perceive no possible injury to appellant from what was said by the judge to the jury after they had brought in their verdict, nor in the incorporation of a statement made by the judge in the transcript of the testimony adduced upon the motion for a new trial.

The motion for rehearing will be overruled.

*Overruled.*

### ON SECOND MOTION FOR REHEARING.

MORROW, Presiding Judge.—Touching the complaint in the motion for new trial that the jury in their retirement received information of the appellant's previous conviction of the same offense the evidence was conflicting. The testimony of several of the jurors was heard and the conflict was decided by the trial judge in favor of the state. The action of the court, unless shown by the record to be clearly wrong, is binding upon appeal. See Douglas v. State, 58 Tex. Crim. Rep. 122; Lamb v. State, 98 Tex. Crim. Rep. 358; Art. 753, Vernon's Ann. Tex. C. C. P., 1925, Vol. 3, p. 46, note 49.

There was a plea of guilty, and the only issue upon the main trial was the amount of punishment and whether the sentence should be suspended. The lowest penalty was assessed, but there was no suspension of the sentence recommended. By one of the bills of exceptions and by the statement of facts upon the hearing of the motion for new trial it is made to appear that the trial judge, after the verdict was returned and the jurors discharged, remarked to them:

"By the way, gentlemen: You might be interested in knowing

that this defendant was tried once before and given two years by another jury on this same charge."

Whereupon Proctor, one of the jurors, remarked that he was glad to hear it and felt better about it.   In reply to a question by the appellant's counsel, the judge said:

"It was my impression from the way Mr. Proctor received the information that it was absolutely news to him.   It might have been in confirmation of what he already knew; he said he was glad to hear it."

Proctor was one of the jurors who testified on the hearing that during the retirement of the jury statements were made touching both the appellant's character and the former conviction. Appellant now takes the position that the conduct of the trial judge on the hearing indicates that his own knowledge of the previous conviction and the impression that was made upon him by Proctor's conduct when told by the judge of the result of the former trial influenced his action in overruling the motion for new trial.   Appellant also contends that the statement of the judge tended to contradict the testimony of juror Proctor who testified that before he became a juror he had no knowledge of the appellant's previous conviction.   The statements of the trial judge are not evidence.   Benson v. State, 44 S. W. 163.   He would be competent to testify under oath upon the trial to facts within his knowledge and of importance in the case.   See C. C. P., 1925, Art. 717.   He was not bound to do so, however. Valentine v. State, 6 Tex. Crim. App. 439.   Upon the hearing of the motion for new trial, it was within his province to decide the issues of fact and to determine the merits of the motion. His discretion in so doing is not to be the subject of review unless abused.   In performing his functions in this or any case in which there has been a previous trial in the same court of the same case, there is no procedure or process of which this court is aware to eliminate from the mind of the trial judge facts pertaining to the case which have come to his knowledge in the performance of his duties as trial judge.   In the particular case, as stated above, the remarks of the court are not in evidence.   We perceive no good reason for incorporating them in the record.   Such incorporation was opposed by the appellant. Being in the record, however, the appellant insists that this court should give them the effect of impeaching the decision of the trial court in passing upon the motion.

We have made a somewhat more extended statement touching the matter but are constrained to adhere to the conclusion here-

tofore expressed in the original opinion and the opinion on motion for rehearing that the matter of which complaint is made is not one upon which this court would be authorized to reverse the judgment.

The motion is denied.                    *Motion denied.*