GERONIMO RAMIREZ, ALIAS HERMAN RAMIREZ v. THE STATE.

No. 12415. Delivered April 17, 1929.

The opinion states the case.

*Frank Hartgraves* of Menard, and *Sutton & Montague* of San Angelo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for castration; punishment, seven years in the penitentiary.

This appears to be the first case of its kind that has ever gotten into the Court of Criminal Appeals of this State. There are a number of complaints at the formation of the grand jury, and at the

action of the court in refusing to set aside certain petit jurors, and of other procedure in the trial, none of which in our opinion presents error save the matters hereinafter referred to. It appears from this record that appellant and his wife were both indicted for this offense, but in separate indictments, and that she was placed upon trial first,—convicted and given a suspended sentence of five years. Thereafter this case was called and tried.

Bill of exceptions No. 10 sets out at length that while counsel privately prosecuting the case was addressing the jury he vigorously assailed appellant for not putting his wife upon the witness stand to testify to his innocence, she being an eyewitness to the transaction, and challenged appellant's counsel to explain why she was not used, and stated that she could have been used as a witness for the defendant but could not have been so used as a witness for the State. Appellant interrupted the argument of said private prosecutor and objected to same, and requested the court to instruct the jury not to consider such argument and to withdraw same from the jury for the reason that said wife was indicted jointly with him, though by separate indictment, for the same offense, and had been convicted and given a suspended sentence prior to the beginning of this trial, and that she was incompetent as a witness and could not be used by him to testify in his behalf. The court seems to have overruled appellant's objection to the argument, and, as set out in the bill of exceptions, refused to give the written instruction, or to otherwise tell the jury not to consider said argument. This court has held in a number of cases, following Art. 711 C. C. P., and applying same, that persons jointly or separately indicted for the same offense were not available as witnesses in behalf of each other, and that one of such persons so indicted who had been tried, convicted and given a suspended sentence, was incompetent as a witness to testify for his codefendant. Watts v. State, 75 Texas Crim. Rep. 330; Plumlee v. State, 106 Texas Crim. Rep. 361. There seems no question but that the attack upon appellant for his failure to introduce his wife was unwarranted, and that it was capable of inflicting serious injury upon his rights, and that the learned trial judge should have sustained the objection thereto, and should have instructed the jury not to consider the argument.

In paragraphs five and six of his charge, as set out in bill of exceptions No. 22, the court undertook to explain to the jury the legal effect and consequences which would follow from the giving of a suspended sentence. Exception was taken to this. The case must

334

be reversed for the error of the argument above referred to and the refusal of the special charge concerning same, but in our opinion it was wholly unnecessary, and may have been hurtful, for the trial court to undertake to explain to the jury the legal effect and result of giving a suspended sentence. No reason is perceived for such action.

For the error mentioned the judgment is reversed and the cause remanded.

*Reversed and remanded.*