

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXWILXXWILSON
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Phil R. Russell, D. O.
R. H. Peterson, D. O.
Everett W. Wilson, D. O.
Members Texas State Board of Medical Examiners
1114 Medical Arts Building
San Antonio, Texas

Gentlemen:

> Opinion No. O-1298
> Re:  Is the term "osteopath" synonymous
> with or within the meaning of the
> phrases "the practice of medicine"?

Your letter of August 17, 1939, with reference to the above question, has been received by this department.

It is believed that your letter will be fully answered by a review of the Texas cases involving a construction of Article 4510, Revised Civil Statutes, 1925.

Article 4510, Revised Civil Statutes, 1925, provides:

> "Any person shall be regarded as practicing medicine within the meaning of this law:

> "1.  Who shall publicly profess to be a physisian or surgeon and shall treat, or offer to treat, any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method, or to effect cures thereof;

> "2.  Or who shall treat or offer to treat any disease or disorder, mental or physical, or any physical deformity or injury by any system or method, or to affect cures thereof and charge therefor directly or indirectly, money or other compensation."

The first discussion of the subject at hand is found in the case of Ex Parte COLLINS, 121 S.W. 501, 223 U.S. 288, where, at page 503 the court said:

"As we understand relator in his brief and argument, he concedes that the statute is broad enough to cover his offense, but that the constitutional provision just cited limits the power of the Legislature to the regulation of the practice of medicine, and that osteopathy is not practicing medicine. The Constitution, when it demands the regulation of the practice of medicine, was not attempting to say that the Legislature was limited to any mode or method of healing in order to regulate it; but the word 'medicine', used in the Constitution, means the art of healing by whatever scientific or supposedly scientific method may be used. It means the art of preventing, curing, or alleviating diseases, and remedying, as far as possible results of violence and accident. It further means something which is supposed to possess, or some method which is supposed to possess, curative power; but if this definition of medicine is not correct, as stated in the Constitution, yet there is no limitation upon the power of the Legislature is said provision of the Constitution which inhibits the Legislature of this state under its police power to prevent any one practicing any species or character of remedy to cure any real or supposed ill that the body has or is subject to for pay. Acts with somewhat similar provisions to the act of the Thirtieth Legislature now under consideration were held constitutional by the Supreme Court of this state in the case of Dowdell v. Mc Bride, 92 Tex. 239, 47 S.W. 524; also by this court in the case of Logan v. State, 5 Tex. App. 306. So we hold that osteopathy is one of the methods of curing the ills to which human flesh is heir, and is one of the methods of curing covered by the act of the Thirtieth Legislature. In other words, in order for one in this state to practice osteopathy

for pay, he must secure a license, as provided
for by the act of the Thirtieth Legislature.
* * * "

It is significant to note that Relator, a physi-
cian practicing osteopathy in El Paso, Texas, specifi-
cally urged that the practice of osteopathy is not prac-
ticing medicine.  The court rejected this contention.

Thereafter, the court in the case of Newman vs.
State, 124, S.W. 956, held likewise, and construed the
opinion in Ex Parte COLLINS, supra, as follows:

"We there held that the word 'medicine,' as
used in the Constitution, embraced the art of
healing, by whatever scientific or supposedly
scientific method, the art of preventing, cur-
ing, or alleviating diseases, and remedying as
far as possible results of violence and accident,
and that it was broad enough to include any
method that was supposed to posses curative
power, and authorized the passage of the act in
question requiring physicians and surgeons, in-
cluding osteopaths, to obtain a license before
engaging in the practice of their profession."

Later in the case of COLLINES vs. STATE, 152 S.W.
at p. 1049, the court further said:

"The main contention of appellant seems to
be that it was incumbent upon the state to prove
that he practiced, either generally or on this
particular patient, by some particular 'system
or method,' and, as the state had not so proven
that he practiced by some particular 'system or
method,' that therefore his conviction was er-
roneous.  We do not so understand the statute.
It is not incumbent upon the state to show that
his practice was by any system or method, but
simply and solely that he treated a disease or
disorder, mental or physical, and charged there-
for, whether that treatment was by any system
or method or not.  In other words, the law, as
we understand it, does not permit any one to

treat any disease or disorder and charge therefor, without first getting a license or a verification license and having it properly registered in the district clerk's office of his residence, whatever his method or system of treatment, or whether he has any method or system or not. This act of the Legislature has many times been before this court and construed, and as we understand their trend, if not direct holding, all of the decisions have been to the above affect. See Milling v. State, 150 S.W. 435; Stiles v. State, 148 S.W. 326; Ex parte Collins, 57 Tex. Cr. R. 2, 121 S.W. 501; Collins v. State, 223 U.S. 288, 32 Sup. Ct. 286, 56 L. Ed. 439; Singh v. State, 146 S.W. 891; Germany v. State, 62 Tex. Cr. R. 276 R. 157, 136 S.W. 788; Newman v. State, 58 Tex. Cr. R. 223, 124 S.W. 956."

Finally, we quote from Mr. Justice Stone of the U.S. Supreme Court, speaking in the case of Hayman v. City of Galveston, 47 Supreme Court, 363, 273 U.S. 414, 71 L. Ed. 714, as follows:

"Under the Texas Constitution and Statutes, any one who shall 'offer to treat any disease or disorder, mental or physical, or any physical deformity or injury, by any system or method or to effect cures thereof' is a physician and may be admitted to practice within the state."

The foregoing cases represent the construction of Article 4510, supra, by our courts. The practice of osteopathy has consistently been held to be within the phrase "the practice of medicine."

We trust this answers your inquiries satisfactorily, and we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          Wm. J. Fanning
                 Assistant

WmJF:ob/PAM
APPROVED SEP 18, 1939
GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED, OPINION COMMITTEE
BY BWB, CHAIRMAN