THOMAS J. McCABE V. STATE.

No. 24129. October 27, 1948.

Hon. Thos. M. Ryan, Judge Presiding.

*Peden & Stevens,* of Houston, for appellant.

*A. C. Winborn,* Criminal District Attorney, and *E. T. Branch,* Assistant Criminal District Attorney, both of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is a conviction for practicing medicine without a license; the punishment, a fine of $500.00 and confinement in jail for thirty days.

An extended statement of the facts is not deemed called for.

According to the State's testimony, the witness Massey went to appellant for treatment, suffering, as he said, with arthritis and poor circulation. For that condition appellant administered to him an electrical treatment, receiving from Massey $150.00 in payment therefor.

It was the defensive theory that appellant was a technician, only, and what he did was under the direction of a duly licensed physician. He admitted that he had no license to practice medicine in this State.

The facts are sufficient to sustain the jury's conclusion of guilt.

Massey testified that he received no benefit from the treatment and that it did not do him any good. No objection to this testimony was made at the time it was given.

Appellant, to rebut this testimony, offered to prove by the witness Guynes the beneficial effects of the electrical treatment administered to witness by appellant but was precluded from so doing when the objection of the State that such testimony was irrelevant and immaterial was sustained. Thereupon, counsel for appellant moved to strike from the jury's consideration Massey's testimony that the treatment was not beneficial and did not do him any good, because if proof of the benefits derived from the treatment was irrelevant and immaterial, so, also, was the proof of non-benefits, and that if Massey's testimony

was to remain before the jury, appellant was entitled to rebut that testimony with that of the witness Guynes.

Bills of exception presenting the two theories mentioned are before us.

In prosecution for practicing medicine without a license, such as here presented, testimony that the person alleged to have been treated was benefited thereby should not be admitted. Neither should the State, as a part of the prosecution, be permitted to show that the treatment was harmful. The benefit or harm derived from the treatment is irrelevant and immaterial to any issue in the case. Germany v. State, 62 Tex. Cr. R. 276, 137 S. W. 130.

Under this rule, then, appellant was entitled to have the testimony of Massey as to his having received no benefit from the treatment withdrawn from the jury. If that testimony was to remain before the jury, appellant was entitled to rebut it by proof to the contrary. The trial court should have sustained the motion to withdraw and if not, then he should have permitted proof of the beneficial results of the same treatment administered by appellant to others.

The bill of exception presenting this matter certifies as a fact that Massey was an old man. The amount paid by him for the treatments, together with his testimony that he was not benefited thereby, was calculated to cause the jury to believe that he had been cheated and defrauded.

We cannot say that the heavy punishment inflicted in this case was not influenced by the error discussed and was therefore harmless.

For the error pointed out, the judgment is reversed and the cause remanded.

Opinion approved by the Court.