**James JIMERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35742.**

Court of Criminal Appeals of Texas.

May 1, 1963.

Rehearing Denied June 5, 1963.

Second Rehearing Denied June 29, 1963.

No attorney on appeal; C. C. Divine, Houston (On Rehearing), for appellant.

Frank Briscoe, Dist. Atty., Daniel P. Ryan, Jr., and Don Weitinger, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is carrying a pistol, a prior conviction having been alleged to enhance the punishment. Upon his plea of not guilty, the jury found the appellant guilty and assessed his punishment at 7 months in jail.

No brief has been filed in appellant's behalf.

The state's evidence, by the testimony of Police Officer J. D. Span, shows the following: A young Negro man ran out of a club or bar in the 3200 block of Lyons Avenue, in Harris County. In a second or so the appellant ran out of the same doorway and a shot was heard.

When appellant was some 60 feet from the club, and while he was running very fast, he fired a shot at the young Negro.

The patrol car was driven between the two men after the first had crossed the street intersection at the end of the 3200 block

of Lyons Avenue, and the appellant, with a .25 caliber Baretta pistol in his hand, was confronted by Officer Span with his pistol drawn and was ordered to drop his gun. On the third demand, accompanied by the officer's statement that if he did not drop it he intended to shoot him, the appellant threw the pistol to the ground and it fired.

The pistol, which the evidence shows had four live shells in the clip, was introduced in evidence.

The prior conviction was proved as alleged.

■ The appellant did not testify but sought by his witnesses to present the defense that the pistol was lawfully kept at the club, and was lawfully used by the appellant to defend himself against an unlawful attack.

As we view the evidence, no issue was raised which would be a defense to the carrying of the pistol in pursuit of the fleeing man, even though the pistol may have been lawfully kept in the club to prevent disorder.

■ "It may be asserted as a legally sound proposition that, if the conditions which sustain carrying the pistol cease, the right to carry it also ceases." Moore v. State, 86 Tex.Cr.R. 502, 217 S.W. 1036.

The court did not err in refusing appellant's requested charge submitting such defense.

■ The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.

## ON MOTION FOR REHEARING

MORRISON, Judge.

■ Appellant seeks to raise, by reference to an agreement which appears in the transcript, the question of the absence of the judge during the selection of the jury, which we condemned in Pennell v. State, 164 Tex.Cr.R. 401, 299 S.W.2d 699. Such question is not presented by bill of exception, nor does the record affirmatively reflect that the judge in fact did absent himself from the courtroom during a part of the proceedings, hence the question is not presented for review.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.