Elizabeth CALLEJO–TOLOSA,
M.D., Appellant,

v.

TEXAS STATE BOARD OF MEDICAL
EXAMINERS, Appellee.

No. 3–93–559–CV.

Court of Appeals of Texas,
Austin.

May 4, 1994.

Rehearing Overruled June 8, 1994.

Darrell D. Zurovec, Clark, Thomas & Winters, Austin, for appellant.

Dan Morales, Atty. Gen., Cynthia Villarreal–Reyna, Asst. Atty. Gen., Austin, for appellee.

Before CARROLL, C.J., and KIDD and SMITH, JJ.

KIDD, Justice.

Elizabeth Callejo–Tolosa filed an application with the Texas Board of Medical Examiners (the "Board") for licensure by out-of-state reciprocity.[1] After the Board denied her application, Dr. Tolosa sought judicial review of the Board's order in district court. The district court affirmed the Board's order. We will affirm.

## BACKGROUND

Dr. Tolosa graduated from medical school in the Philippines in 1971. Beginning in 1980, Dr. Tolosa attempted to become a licensed physician in Vermont. To obtain a medical license in most states, including Vermont and Texas, applicants are required to

pass the Federal Licensing Exam (FLEX). Dr. Tolosa took the FLEX eight times, between June 1980 and December 1988, before passing both components of the exam. In 1989, Dr. Tolosa obtained a license to practice medicine in Vermont.

Beginning in 1990, Dr. Tolosa served for two years in the United States Army as a physician and was stationed at Darnell Army Hospital in Killeen, Texas. During that time, Dr. Tolosa worked under the supervision of Dr. William Mack, a Houston pediatrician who had been called to active duty. At the end of their military service, Dr. Tolosa accepted an offer from Dr. Mack to join his practice in Houston. While pursuing her Texas medical license, Dr. Tolosa worked in Dr. Mack's office as a physician's assistant.

■ Dr. Tolosa applied to the Board for licensure by reciprocity based on her Vermont medical license. Licensure by reciprocity is governed by the Medical Practice Act. Tex.Rev.Civ.Stat.Ann. art. 4495b (West Supp.1994) (hereinafter the "Act"). The Board may grant a license to practice medicine in Texas to a physician who is a licensee of another state or Canadian province with requirements substantially equivalent to those established in Texas. Act § 3.03(a). The Board's reciprocity committee considered Dr. Tolosa's application and determined that she was not eligible to be licensed in Texas based on section 3.03(g) of the Act. Section 3.03(g) provides that the Board may require applicants to comply with requirements, in addition to those specifically prescribed by the Act, that the Board considers appropriate. Act § 3.03(g).

According to the record, the Board, applying Section 3.03(g), determined that Dr. Tolosa was not eligible for licensure by reciprocity because she did not meet the additional requirements set forth in the Board's rule 163.9(c). 22 Tex.Admin.Code § 163.9(c) (1993–1994). This rule is not found with the rules dealing with reciprocity, but is located with the procedural rules applying to *all* Texas licensure applicants. Rule 163.9(c) states:

1. Dr. Tolosa was originally licensed to practice     medicine in Vermont in 1989.

Prior to sitting for the FLEX or SPEX after the third failure, the applicant must satisfactorily complete one year of training. After each subsequent failure, the applicant must satisfactorily complete one additional year of training before repeating the FLEX or SPEX. This training must be acceptable to the secretary-treasurer or executive director of the board.

22 Tex.Admin.Code § 163.9(c) (1993–1994).

Dr. Tolosa failed to obtain a year of acceptable training after her third, fourth, fifth, sixth, and seventh FLEX failures. The Board stipulated at the administrative hearing that in the past it had waived rule 163.-9(c) for reciprocity candidates in certain circumstances; however, in Dr. Tolosa's case, the Board applied the rule and denied her application.

Dr. Tolosa timely appealed the Board's decision. A hearing was held before the State Office of Administrative Hearings. Upon review, the hearing examiner recommended that Dr. Tolosa's application for licensure by reciprocity be denied. Subsequently, the Board approved the hearing examiner's proposed decision and denied Dr. Tolosa's application. Upon judicial review, the district court upheld the Board's decision.

Dr. Tolosa contends that the only question presented for decision by her application was the issue of whether the Board would waive the requirements of rule 163.9(c). In five points of error, Dr. Tolosa argues that the Board erred by failing to provide notice of the criteria the Board uses in deciding whether to waive rule 163.9(c), by failing to consider her waiver request, and by shifting the burden to her to establish whether she met the unspecified waiver criteria. Furthermore, Dr. Tolosa contends that the trial court erred in affirming the Board's order because there is no rational basis for rule 163.9(c) and the Board's order is not supported by substantial evidence.

## DISCUSSION

Dr. Tolosa's points of error one, two, and five all deal with the Board's refusal to waive rule 163.9(c). Dr. Tolosa contends that the Board erred by shifting the burden to her to establish the Board's waiver criteria for rule

163.9(c). Dr. Tolosa also contends that the Board failed to give her adequate notice of the rules by not setting forth its waiver criteria for rule 169.3(c) in a published rule, which would have made the terms of the criteria available to her. Also, Dr. Tolosa contends that the Board erred in failing to consider her request for waiver of rule 163.-9(c).

In Texas, "the practice of medicine is a privilege and not a natural right." Act § 1.02(1). Individuals seeking a license to practice medicine in Texas must comply with the Medical Practice Act and all applicable rules. *See Texas Bd. of Pub. Accountancy v. Fulcher*, 515 S.W.2d 950, 954 (Tex.Civ.App.—Corpus Christi 1974, writ ref'd n.r.e.) ("The state may exact the requisite degree of skill and learning in professions which affect the public ... such as the practice of law, medicine, engineering, dentistry, and many others."). Furthermore, the Board possesses express statutory authority to license, regulate, and discipline physicians. Act § 1.02(2).

The Board is authorized to institute rules that it deems necessary to effectively regulate the practice of medicine. Act § 2.09(a). In addition to applying the published standards, the rules call for the Board to subjectively evaluate applicants' qualifications. For example, section 3.03(a) of the Act states:

> The board, *at its sole discretion* ... may grant a license to practice medicine to any physician who is a graduate of an acceptable medical college as determined by the board and who is a licensee of another state or Canadian province having requirements for physician registration and practice substantially equivalent to those established by the laws of this state.

Act § 3.03(a) (emphasis added). Furthermore, section 3.03(g) authorizes the Board to require applicants to comply with "other" requirements which it deems appropriate, in addition to the ones specifically prescribed in section 3.03. These grants of authority by their very nature require the Board to exercise considerable discretion and subjectively analyze the background and training of applicants. Furthermore, the Board's policy of applying rule 163.9(c) to reciprocity appli-

cants is reasonable. Applying the rule to all Texas licensure applicants ensures that reciprocity applicants possess the same level of competence as other physicians licensed to practice medicine in Texas.

■ The *applicant* bears the burden of proving that the Board improperly denied licensure. *See Texas State Bd. of Medical Examiners v. Gross,* 712 S.W.2d 639, 642 (Tex.App.—Austin 1986, no writ). In this case, the burden was on Dr. Tolosa to prove that the Board's failure to waive rule 163.9(c) in her case was unreasonable. The burden was on Dr. Tolosa to prove that the Board, in fact, had waived rule 163.9(c) in the past and under what circumstances it had done so. It was also Dr. Tolosa's burden to demonstrate that the Board did not apply rule 163.9(c) to her in the same manner that it had applied the rule to other similarly situated applicants.

We hold that Dr. Tolosa did not meet this burden. By applying rule 163.9(c), the Board was acting within its statutory authority. *See* Act § 3.03(b). The Board was under no duty to waive an express rule which Dr. Tolosa concedes squarely governed the facts of her case. If Dr. Tolosa objected to the application of rule 163.9(c) to her, it was her burden to prove the factual circumstances under which the rule had been waived in the past and why those cases compelled the same result in her situation. Dr. Tolosa put on no evidence indicating any unfair or inconsistent treatment of her by the Board. Furthermore, when the Board attempted to put on evidence regarding the instances in which it had waived rule 169(c) in the past, Dr. Tolosa objected and successfully blocked the introduction of the evidence. As to Dr. Tolosa's claim that the Board did not even consider her request for a waiver, the record indicates that the Board *did* consider her request. The transcript of the administrative hearing shows that the administrative law judge considered Dr. Tolosa's request for waiver and concluded that Dr. Tolosa had not presented sufficient evidence

upon which a waiver could be granted.[2] Thus, while the Board *considered* waiving rule 163.9(c), the Board in its discretion denied the request and applied the rule as written. Points of error one, two, and five are overruled.

■ In points of error three and four, Dr. Tolosa contends there is no rational basis for rule 163.9(c) and the rule is invalid as applied to her. Substantive due process requires legislative action to be rationally related to the accomplishment of a legitimate state purpose. *See Aladdin's Castle, Inc. v. City of Mesquite,* 630 F.2d 1029, 1039 (5th Cir.1980). Dr. Tolosa contends that, as applied to applicants for licensure by reciprocity, rule 163.9(c) bears no rational relation to the state interest of ensuring that physicians who repeatedly fail the FLEX test are competent to practice medicine. Furthermore, Dr. Tolosa asserts that regardless of a reciprocity applicant's current qualifications, the rule presents an absolute barrier to practicing medicine in Texas for those applicants who have failed the FLEX more than three times without obtaining the extra year of Board-approved training before each subsequent attempt to pass the exam.

The Board responds that it has the discretion to make licensing rules which ensure that Texas citizens are protected from incompetent physicians. We agree. Requiring an applicant to complete additional training after multiple failures of the qualifying exam is rationally related to the goal of protecting Texas citizens from incompetent physicians. Point of error three is overruled.

■ Finally, Dr. Tolosa asserts in her fourth point of error that the Board's decision is not supported by substantial evidence. The substantial evidence test is the appropriate standard of review for assessing the evidentiary foundation of an agency's action. *United Resources Recovery, Inc. v. Texas Water Comm'n,* 815 S.W.2d 797, 801 (Tex. App.—Austin 1991, writ denied). This rule requires a reviewing court to determine

**2.** The administrative law judge made the following remarks during the hearing:

There is no evidence of why the waiver was granted. And if you don't show, Mr. Darling,

that your client comes within the granting of the waiver, you haven't shown—you haven't presented evidence upon which I can grant the waiver. It's just that simple.

whether the evidence as a whole is such that reasonable minds could have reached the same conclusion the agency must have reached in order to take the disputed action. *Texas State Bd. of Dental Examiners v. Sizemore,* 759 S.W.2d 114, 116 (Tex.1988), *cert. denied,* 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989).

Dr. Tolosa admits that she did not meet all of the requirements for reciprocal licensure in Texas because she did not comply with rule 163.9(c). All applicants for licensure must comply with the rules and regulations in effect at the time they apply. 22 Tex.Admin.Code § 163.9(h) (1993–1994). The record indicates that at the time Dr. Tolosa applied for licensure, the Board required compliance with rule 163.9(c). Application of this rule was appropriate since section 3.03(f), dealing with reciprocity applicants, states that the Board may require reciprocity applicants to comply with other requirements the Board deems appropriate. Act § 3.03(f). We conclude that the record contains substantial evidence to support the Board's conclusion that Dr. Tolosa did not meet the requirements necessary for reciprocal licensure, based on Dr. Tolosa's admission that she did not comply with rule 163.9(c).

 In point of error four, Dr. Tolosa also claims that the Board erred in denying her licensure application in the absence of certain required findings based on the evidence. The Administrative Procedure Act requires that ultimate factual conclusions in statutory language be based on underlying findings. Tex.Gov't Code Ann. § 2001.141 (West Supp. 1994). Also, findings must be based exclusively on evidence in the record. Dr. Tolosa claims that the Board erred by not including findings or conclusions regarding why the Board considered the application of rule 169.-3(c) "appropriate" in Dr. Tolosa's case and why Dr. Tolosa was not granted a waiver of the rule. We disagree. The Board concluded that Dr. Tolosa did not qualify for licensure based on her failure to meet the requirements prescribed in rule 163.9(c). This conclusion was clearly based on findings of fact eight through seventeen. Since Dr. Tolosa presented no evidence of the facts surrounding the Board's discretionary waiver of

the rule in other instances, there was no factual basis upon which to base findings and conclusions on the waiver issue. Point of error four is overruled.

### CONCLUSION

For the foregoing reasons we affirm the judgment of the district court.