

# ATTORNEY GENERAL OF TEXAS

## GREG ABBOTT

December 20, 2004

Donald W. Patrick, M.D., J.D.
Executive Director
Texas State Board of Medical Examiners
Post Office Box 2018
Austin, Texas 78768-2018

Opinion No. GA-0285

Re: Proper construction of Occupations Code section 155.051, which establishes a time period for applicants to take the medical license examination, and section 155.056, which limits the number of times an applicant may take the examination (RQ-0248-GA)

Dear Dr. Patrick:

The Texas State Board of Medical Examiners (the "Board") asks about the proper construction of Occupations Code section 155.051, which establishes the time period for applicants to take the three-part medical license examination, and section 155.056, which limits the number of times an applicant may take the examination.[1]

Your request involves an applicant for licensure who entered a combined Doctor of Medicine/Doctor of Philosophy degree program in 1991 and was awarded the combined degree on May 22, 1999.[2] *See* Request Letter, *supra* note 1, at 1. A brief submitted on behalf of the applicant states that the applicant passed Step 1 of the United States Medical Licensing Examination ("USMLE") in 1993, Step 2 in 1998, and Step 3 in September 2001. *See* Exhibit 3 attached to Brown McCarroll Brief, *supra* note 2, at 3. You explain that the Board's licensure committee has determined the applicant "ineligible for licensure based on . . . failure to demonstrate compliance with . . . Section 155.051 of the Medical Practice Act" and that the applicant is appealing the Board's decision. Request Letter, *supra* note 1, at 1.

To be eligible for a license to practice medicine, an applicant must, among other things, pass an examination administered by the Board and pass a Texas medical jurisprudence examination. *See* TEX. OCC. CODE ANN. § 155.003(a)(6)-(7) (Vernon 2004). Section 155.051 requires license applicants to pass required examinations within specific time frames:

---

[1]*See* Letter from Jennifer S. Kaufman, Assistant General Counsel, Texas State Board of Medical Examiners, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (July 13, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]*See* Brief from Sam V. Stone Jr., Brown McCarroll, L.L.P., to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Aug. 31, 2004) (on file with Opinion Committee) [hereinafter Brown McCarroll Brief].

> (a)  Except as provided by Subsection (b), an applicant for a license to practice medicine in this state must pass each part of an examination described by Section 155.0511(2), (3), (4), (6), or (7) within seven years.

> (b)  An applicant who is a graduate of a program designed to lead to both a doctor of philosophy degree and a doctor of medicine degree or doctor of osteopathy degree must pass each part of an examination described by Section 155.0511(2), (3), (4), (6), or (7) not later than the second anniversary of the date the applicant was awarded a doctor of medicine degree or doctor of osteopathy degree.

*Id.* § 155.051.

Because the applicant in this case received his combined degree on May 22, 1999, under a strict reading of subsection (b), he had until May 22, 2001 to pass the third part of the examination, but he did not do so until September 2001. *See* Brown McCarroll Brief, *supra* note 2, at 3. The applicant argues that he has substantially complied with section 155.051(b), missing the deadline by only a few months, and should therefore be eligible for licensure. *See id.*

The legislature has given the Board exclusive authority to adopt rules and bylaws to govern its proceedings, perform its duties, and regulate the practice of medicine in Texas. *See* TEX. OCC. CODE ANN. § 153.001 (Vernon 2004). In addition, the statute provides that "the practice of medicine is a privilege and not a natural right" and establishes the Board as "the primary means of licensing, regulating, and disciplining physicians." *Id.* § 151.003. Moreover, the decision to issue a license to a particular person is solely within the Board's discretion:

> The board, *at its sole discretion,* may issue a license to practice medicine to a person who:

> (1) submits to the board a license application as required by this chapter;

> (2) presents satisfactory proof that the person meets the eligibility requirements established by this chapter; and

> (3) satisfies the examination requirements of Section 155.051.

*Id.* § 155.002 (emphasis added). This "grant[] of authority by [its] very nature require[s] the Board to exercise considerable discretion." *Callejo-Tolosa v. Tex. State Bd. of Med. Exam'rs*, 875 S.W.2d 762, 764 (Tex. App.–Austin 1994, no writ). In interpreting the Medical Practice Act, a Texas court has stated that any individual "seeking a license to practice medicine in Texas must comply with the Medical Practice Act and all applicable [Board] rules." *Id.*

The primary rule of statutory construction is to determine the legislature's intent, which begins with a plain reading of the statute and may include analysis of the legislative history and the circumstances surrounding its enactment. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003). If the statute's language is unambiguous, it will be given its plain meaning. *See id.; accord In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004). In addition, an administrative agency's construction of a statute within that agency's jurisdiction is entitled to "great weight" so long as the construction is reasonable and does not go beyond the power and authority conferred by the legislature. *Osterberg v. Peca*, 12 S.W.3d 31, 51 (Tex. 2000).

The Board interprets section 155.051(b) as an exception to the requirement in section 155.051(a) that "applicants must pass all parts of an acceptable licensure examination sequence within a seven-year period." Request Letter, *supra* note 1, at 2. The Board explains:

> Due to the nature of the [combined] programs, in that they take longer than the normal four years required by medical schools and sometimes delay the readiness of applicants to take the exams, the Legislature created an exception. The exception provides that applicants who have completed such programs need not pass all examination parts within a seven year period, but merely that they pass all parts within two years of graduating from the program.

*Id.* Thus, an applicant who has been awarded a combined degree need not pass all parts of the examination within seven years but must complete all parts of the examination within two years of receiving the combined degree. Because the applicant in this case has not complied with either subsection (a) or subsection (b) of section 155.051, the Board has "determined that [the applicant is] ineligible for a license." *See* Exhibits 3 & 4 attached to Brown McCarroll Brief, *supra* note 2.

In our view, the Board has reasonably construed section 155.051 to allow graduates of joint degree programs to become licensed under either subsection (a) or subsection (b). Subsection (b) could be read entirely separate from subsection (a), so that a graduate of a joint degree program must pass the examination within two years of graduation and, failing that, is not entitled to pass the three parts within seven years under subsection (a). Under this reading, subsection (a) would apply only to graduates of a single degree program. The Board has opted to construe the statute's plain language more leniently, however. "Construction of a statute by the administrative agency charged with" enforcing the statute "is entitled to serious consideration, so long as the construction is reasonable and does not contradict" the statute's plain language. *Dodd v. Meno*, 870 S.W.2d 4, 7 (Tex. 1994) (quoting *Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993)).

The brief submitted on behalf of the applicant suggests that section 155.056 extends the time periods set out in section 155.051. *See* Brown McCarroll Brief, *supra* note 2, at 3. Section 155.056 limits the number of times an applicant may try to pass each part of an examination:

> (a)   An applicant must pass each part of an examination within three attempts, except that an applicant who has passed all but one part of an examination within three attempts may take the remaining part of the examination one additional time.

> (b)  Notwithstanding Subsection (a), an applicant is considered to have satisfied the requirements of this section if the applicant:
>
> > (1)  passed all but one part of an examination approved by the board within three attempts and passed the remaining part of the examination within five attempts;
> >
> > (2)  is specialty board certified by a specialty board that:
> >
> > > (A)  is a member of the American Board of Medical Specialties; or
> > >
> > > (B)  is approved by the American Osteopathic Association; and
> >
> > (3)  completed in this state an additional two years of postgraduate medical training approved by the board.[3]

TEX. OCC. CODE ANN. § 155.056 (Vernon 2004).

The Board believes that sections 155.051 and 155.056 operate independently. *See* Request Letter, *supra* note 1, at 2. "Section 155.051 relates to the length of time allowed to pass all parts of a licensure examination sequence, and Section 155.056 relates to the number of attempts permitted on each part of licensure examination." *Id.* Neither section 155.051 nor 155.056 makes reference to the other. In particular, section 155.056 does not expressly or impliedly suggest that it operates to modify the time periods set in section 155.051. Moreover, the Board's construction gives effect to the entire statute and provides a just and reasonable result. *See* TEX. GOV'T CODE ANN. § 311.021(2)-(3) (Vernon 1998) (stating that the legislature intends an entire statute to be effective and intends a statute to achieve a just and reasonable result). We conclude that the Board's construction is reasonable and comports with the statutes' plain language.

We finally address the argument made on the applicant's behalf that the applicant substantially complied with section 151.051(b) and is therefore eligible to be licensed. *See* Brown McCarroll Brief, *supra* note 2, at 1-3. The Board did not address the issue of substantial compliance in its brief, *see* Request Letter, *supra* note 1, and we received no other briefing on this issue. We have not found a Texas case directly addressing whether medical licensing and regulatory statutes require strict compliance, or whether substantial compliance is sufficient. If a "statute is mandatory, whether there was substantial compliance is not relevant" because the substantial compliance rule may not be applied. *Reese v. Duncan*, 80 S.W.3d 650, 657 (Tex. App.–Dallas 2002, pet. denied)

---

[3]We have not received information concerning whether the applicant at issue is specialty board certified and fits within the special category defined by section 155.056(b).

(quoting *Kelly v. Scott*, 733 S.W.2d 312, 313-14 (Tex. App.–El Paso 1987, writ dism'd)). No absolute test exists for determining whether a statute is mandatory or directory; the primary indicator is legislative intent:

> In determining whether the Legislature intended [a] particular provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

*Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956); *accord Klinger v. City of San Angelo*, 902 S.W.2d 669, 676 (Tex. App.–Austin 1995, writ denied). Additionally, the use of the word "must" in a statute "is the single most important textual consideration in deciding whether [a] statute is mandatory or directory." Tex. Att'y Gen. Op. No. JM-561 (1986) at 2.

As a whole, the Texas Medical Practice Act, of which section 155.051 is a part, is "an exercise of the police power of the State to protect the public health." *Ashby v. Bd. of Med. Exam'rs*, 142 S.W.2d 371, 372 (Tex. Civ. App.–Austin 1940, writ ref'd). Statutes "intended as an exercise of the public powers of the State to protect the health [and] welfare . . . of its people . . . are to be liberally construed" to accomplish that purpose. *Munoz v. City of San Antonio*, 318 S.W.2d 741, 742-43 (Tex. Civ. App.–San Antonio 1958, writ dism'd); *see also Deep E. Tex. Reg'l Mental Health & Mental Retardation Servs. v. Kinnear*, 877 S.W.2d 550, 563 (Tex. App.–Beaumont 1994, no writ) (stating that a liberal construction of rehabilitation statutes promotes public health). In addition, section 155.051(a) and (b) both indicate that an applicant "must" complete the examinations within the required time. Tex. Occ. Code Ann. § 155.051 (Vernon 2004). Moreover, chapter 155 provides that, "[t]o be eligible for a license . . . , an applicant must present proof satisfactory" to the Board that the applicant has passed an examination accepted or administered by the Board. *Id.* § 155.003(6) (providing general eligibility requirements for licensure). Given the Medical Practice Act's interest in protecting public health and section 155.051's plain language, we believe section 155.051 is mandatory. Accordingly, the doctrine of substantial compliance is irrelevant to determining whether an applicant has complied with section 155.051.

## S U M M A R Y

The Texas State Board of Medical Examiners' interpretation of Occupations Code section 155.051, which establishes a time period for applicants to complete the medical license examination, and section 155.056, which limits the number of attempts to pass the examination, is reasonable and does not exceed the Board's statutory authority. Given the interest in protecting public health, section 155.051 is mandatory. Accordingly, the doctrine of substantial compliance is irrelevant to determining whether an applicant has complied with section 155.051.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee